Township of Andover et al., Appellees, *v.* Ashtabula County Budget Commission et al.; Sabo, Auditor, Appellant.

[Cite as Andover v. Ashtabula County Budget Comm. (1977), 49 Ohio St. 2d 171.]

(No. 76-817—Decided February 23, 1977.)

*Messrs. Webb & DiFabio, Mr. Robert D. Webb, Mr. Louis A. DiFabio* and *Mr. Chester Hummel,* for appellees.
*Mr. George Liviola, Jr.,* city solicitor, and *Mr. William P. Bobulsky,* for appellant.

*Per Curiam.* The local government fund is a form of financial state support of the smaller governmental units existing in Ohio. It is composed of a portion of the state sales tax receipts[4] and the state-collected tax on "capital employed by financial institutions, and * * * by dealers in intangibles."[5] These funds are transferred by the state

[4] R. C. 5739.21
[5] R. C. 5725.24

auditor to the several counties for distribution to the local subdivisions. A group of three county officials, designated as the budget commission, then has the responsibility of allocating the local government fund. The budget commission may apportion such funds on a straight formula basis, the "statutory method," or by the "alternative method," which latter method allows the budget commission to consider any factor deemed to be "appropriate and reliable," in its sole discretion. The budget commission meets annually, on the first Monday in August,[6] at which time it considers the budget submitted by each governmental subdivision.[7]

Appellant presents several arguments to this court which, he urges, warrant a reversal of the Board of Tax Appeals' decision to reinstate the "alternative method." We are not persuaded that the adoption of the "alternative method" by the various governmental units constitutes a contract, and hence reject appellant's attempt to apply principles of contract law. Likewise, we find no merit in appellant's assertion that the statutory scheme for adoption and repeal of the "alternative method" abrogates a purported power of local self-government. (See *Beachwood* v. *Bd. of Elections* [1958], 167 Ohio St. 369.) We do, however, agree with both appellant and appellees that the apparent intent of the General Assembly, in enacting R. C. 5747.53, was to maximize flexibility in the allocation of the local government fund.

The city of Ashtabula has agreed to participate in the more flexible method of allocation of funds, yet has sought to limit its participation by annual resolutions which commit it to the "alternative method" for the next succeeding year only. After having considered, *in pari materia*, all the Ohio statutes pertaining to the annual distribution of the local government fund, we are unable to agree with the Board of Tax Appeals' decision requiring that the city be indefinitely locked into the "alternative method," when it

[6] R. C. 5705.27
[7] R. C. 5705.30

has expressly limited its participation in that method to a definite period of time and the entire statutory scheme implies an annual determination of the method of distribution.

Accordingly, this court holds that the Board of Tax Appeals' decision is unreasonable and unlawful, and it is, therefore, reversed.

*Decision reversed.*

O'Neill, C. J., Herbert, Celebrezze, P. Brown, Sweeney and Locher, JJ., concur.

William B. Brown, J., dissenting. In the process of ruling that the city of Ashtabula may unilaterally limit its participation in an alternative apportionment plan to one year, the majority loses sight of its responsibility to uphold reasonable and lawful determinations of the Board of Tax Appeals (R. C. 5717.04; *Wheeling Steel Corp.* v. *Evatt* [1944], 143 Ohio St. 71) and to interpret statutes according to their clear meaning (*Provident Bank* v. *Wood* [1973], 36 Ohio St. 2d 101).

Nothing within R. C. 5747.53 supports the majority's conclusion. The statute places no time restrictions on alternative apportionment plans. It does not limit their duration, call for their periodic review or provide for the short-term, conditional adoption of those plans which the city of Ashtabula seeks, in this cause, to impose on the other municipalities and townships within Ashtabula County. Indeed, the only procedure for terminating an alternative plan to be found in R. C. 5747.53 is that of repeal. Repeal is only effective if carried out "in the same manner" as the adoption or approval of an alternative plan. Adoption and approval depend, in turn, on the consent of the following entities: "the board of county commissioners," the "legislative authority" of the most populous city in the county, "*and* a majority of the boards of township trustees and legislative authorities of municipal corporations, located wholly or partially in the county * * *." (Emphasis

added.) Since the plans may not be *adopted or approved* by the unilateral action of one municipality, and since there are no provisions for annual review or renewal built into R. C. 5747.53, the city of Ashtabula cannot repeal an alternative plan merely by limiting the duration of its participation in that plan. The Board of Tax Appeals reasonably and lawfully determined "that there is nothing in Revised Code Section 5747.53 which would authorize or permit any political subdivision to limit its participation in the 'alternative method' to one year * * *."

Furthermore, there is nothing in the "statutory scheme" cited by the majority which justifies its ruling that R. C. 5747.53 allows a city to reconsider *annually* its participation in an alternative apportionment plan. R. C . 5739.21 and 5725.24, which deal with *monthly* credits to and with disbursements of tax moneys to county local government funds, are inapposite. R. C. 5705.27 and 5705.30, which refer to the annual *levy* of taxes and review of local budgets by the county budget commission, R. C. 5747.50, which guarantees an annual minimum of $150,000 for each county local government fund, and R. C. 5747.51, which sets up the statutory *alternative* to R. C. 5747.53,[9] merely reflect the fact that most tax revenues are collected, and local budgets are usually drawn up, on an annual basis. The annual levy and collection of taxes should not affect the duration of an apportionment plan regulating *how*, and not when, funds are to be allocated.

Since the statutes do not support the conclusion reached by the majority, and ample evidence does support the determination of the Board of Tax Appeals, I dissent.

---

[9]R. C. 5747.53 provides, in pertinent part:

"(A) *In lieu of the method of apportionment of the undivided local government fund of the county provided by Section 5747.51 of the Revised Code*, the county budget commission may provide for the apportionment of such fund *under an alternative method* or on a formula basis as authorized by this section." (Emphasis added.)