The STATE of Ohio, Appellee,

v.

MUELLER, Appellant.

[Cite as *State v. Mueller* (1996), 113 Ohio App.3d 627.]

Court of Appeals of Ohio,
Third District, Hancock County.

No. 5-96-7.

Decided Aug. 22, 1996.

*Kelton K. Smith,* Assistant Director of Law, for appellee.

*J. Stanley Needles,* for appellant.

EVANS, Judge.

This appeal is brought by Arthella Mueller ("appellant") from a judgment entered by the Municipal Court of Findlay, Ohio, finding appellant guilty of harassment of hunters in violation of R.C. 1533.03(A)(2). Appellant was fined $250 plus court cost and given a thirty-day jail sentence. The jail time and $100 of the fine were suspended on the condition that appellant does not repeat the violation.

The facts relevant to this appeal are as follows. On November 28, 1995, Bret Young, Vincent McDonald and Jon Foust were hunting on adjoining properties owned by Glen Rickle and Duane Fry. Both landowners testified at trial that they had given the hunters permission to hunt on their properties. On the day at issue, McDonald purportedly shot and wounded a deer while on the Rickle property. The deer apparently ran across the Fry property and jumped a boundary fence, escaping into the woods of an adjacent landowner, Lester Fruth. Fruth did not allow hunting on his land and in fact had posted no hunting signs along the perimeter of his property. With Fruth's permission, appellant patrolled his property line in order to keep hunters off the heavily wooded land.

On this particular day, appellant observed the hunters for over an hour as they tracked the deer. She followed the men and as they neared the Fruth property, appellant began waving her arms, whistling, and yelling, "Stop! Go back, deer!" in the direction of the Fruth woods. With the distraction created by appellant and the fact that daylight was waning, the hunters called off their hunt.

At no time during these events did the hunters cross onto the Fruth property, nor did appellant leave the Fruth land.

On December 14, 1995, appellant was initially charged with two counts of harassing hunters in violation of R.C. 1533.03(A)(2), one count for the events of November 28, 1995, and one count for an incident on December 12, 1995. Appellant pled not guilty to both counts and a trial ensued. The count relating to the December 12, 1995 incident was dismissed at the close of the state's case;

however, appellant was found guilty of harassing hunters for her actions on November 28, 1995 and sentenced as noted above.

Appellant now appeals that conviction and sentence asserting one assignment of error:

"The trial court erred in including in the proscription of R.C. 1533.03 acts of a defendant which occurred on land adjacent to the lands upon which the hunting had occurred and upon land which appellant had the authority to be on and to discourage hunters."

■ It is appellant's contention that subsection (C) of R.C. 1533.03 is dispositive of this case. Appellant argues that since she committed the acts on the land of Lester Fruth, and was acting under his authority, she cannot be convicted of violating R.C. 1533.03(A)(2) since the statute would not apply to her. We agree.

We begin our examination of appellant's assignment of error by reviewing Ohio's hunter harassment statute under which she was charged and convicted. According to R.C. 1533.03(A)(2) and (C):

"(A) No person shall purposely prevent or attempt to prevent any person from hunting, trapping, or fishing for a wild animal as authorized by this chapter by any of the following means:

" * * *

"(2) Creating a visual, aural, olfactory, or physical stimulus intended to affect the behavior of the wild animal being hunted, trapped, or fished for;

" * * *

"(C) This section applies only to acts committed on lands or waters upon which hunting, trapping, or fishing activity may lawfully occur. This section does not apply to acts of a peace officer, the owner of the lands or waters, or a tenant or other person acting under authority of the owner on the lands or waters."

■ We find that the language employed in the statute is clear as it applies to the facts of this case. It is axiomatic that a court must first look to the language of the statute itself to determine the intent of the General Assembly. *Provident Bank v. Wood* (1973), 36 Ohio St.2d 101, 105, 65 O.O.2d 296, 298, 304 N.E.2d 378, 381. "If that inquiry reveals that the statute conveys a meaning which is clear, unequivocal and definite, at that point the interpretative effort is at an end, and the statute must be applied accordingly." *Id.* at 105–106, 65 O.O.2d at 298, 304 N.E.2d at 381, citing *Sears v. Weimer* (1944), 143 Ohio St. 312, 28 O.O. 270, 55 N.E.2d 413. R.C. 1533.03(C) plainly states, "This section applies only to acts committed on lands * * * upon which hunting * * * may lawfully occur." To apply this section to appellant's acts defies the express language of the statute.

In concluding that appellant violated the statute and that R.C. 1533.03(C) did not prohibit prosecution in this case, the trial court made the following findings and comments:

"[F]irst of all, I would find that Miss Mueller was properly on the Fruth land, that she had a right to be there, and that she has the right to do certain things upon that land in use of the land. However, just as your neighbor may have a right to play his stereo, that right does not extend to playing the stereo so loudly at 3:00 a.m. that it keeps you awake."

Much like a noisy stereo which disturbs a neighbor could form the basis of a disorderly conduct charge or a nuisance action, the trial court found that appellant's actions carried over to the Fry land and harassed the hunters in violation of R.C. 1533.03(A)(2).

Under the language of the statute at issue, the court's analogy does not apply. Appellant was charged with violating R.C. 1533.03(A)(2), which makes appellant's outdoor whistling, shouting and arm-waving a crime under the hunter harassment statute only under certain express conditions. These conditions are not present in this case. First, R.C. 1533.03(C) limits application of the statute to acts committed on lands upon which hunting may lawfully occur. Lester Fruth testified at trial that he did not allow hunting on his land. It follows then that hunting could not lawfully occur on that parcel. Second, appellant had authority to act on the land, as Fruth also testified that appellant had authority to be on his land and to keep hunters off his property. The trial court specifically found that appellant had a right to be on the land and authority to use the land. Given that appellant's actions were not committed on lands where hunting could lawfully occur, she cannot be found guilty of harassment of hunters pursuant to R.C. 1533.03(A)(2) and (C). For the foregoing reasons, we sustain appellant's assignment of error.

Having found error prejudicial to the appellant herein, in the particulars assigned and argued, we reverse the judgment of the trial court and remand the cause to the trial court with instructions to vacate appellant's sentence.

*Judgment reversed*
*and cause remanded.*

HADLEY, P.J., concurs.

SHAW, J., concurs separately.

SHAW, Judge, concurring separately.

I concur in the opinion and disposition of the majority regarding the application of R.C. 1533.03(C) to the facts of this case. However, I would reserve judgment

as to whether the language of subsection (A)(2) of that statute is constitutionally sufficient to state a crime and I would reserve judgment as to whether the evidence of appellant's conduct in this case would be sufficient, in any event, to constitute a violation of that section.