[This opinion has been published in *Ohio Official Reports* at 88 Ohio St.3d 308.]

IN THE MATTER OF CIVIL SERVICE CHARGES AND SPECIFICATIONS AGAINST PIPER.

[Cite as *In re Civ. Serv. Charges & Specs. Against Piper*, 2000-Ohio-332.]

*Public employment—Police officer who is subject of a police department internal affairs investigation and is compelled to appear before a superior officer for the purpose of answering questions during the course of the investigation shall be permitted to be accompanied, represented, and advised by an attorney—R.C. 9.84, applied.*

Pursuant to R.C. 9.84, a police officer who is the subject of a police department internal affairs investigation and is compelled to appear before a superior officer for the purpose of answering questions during the course of the investigation is "appearing as a witness" and, therefore, "shall be permitted to be accompanied, represented, and advised by an attorney."

(No. 99-256—Submitted December 14, 1999—Decided April 5, 2000.)

APPEAL from the Court of Appeals for Montgomery County, No. 17185.

———————————

{¶ 1} On July 9, 1996, appellant, Donald C. Piper, a fifteen-year veteran of the Dayton Police Department, was charged with public indecency, a criminal offense. He was tried and found not guilty of the charge in October 1996. Thereafter, the police department's Internal Affairs Bureau decided to investigate appellant to determine whether his conduct on July 9 violated any departmental policies.

{¶ 2} On January 30, 1997, Sergeant Glenn Miller, an Internal Affairs Bureau investigator, interviewed appellant in the presence of his attorney. After reviewing the transcript of the taped interview, the investigator decided to conduct a videotape reenactment interview, termed a "walk-through," to be held on

February 12, 1997, at 1:00 p.m. Written notice of this interview was received by appellant on February 10, 1997, at 11:35 p.m.

{¶ 3} When appellant learned that his attorney was unable to attend the interview with such short notice, he asked that it be rescheduled. The investigator refused to reschedule the interview unless appellant waived the time limits in which to bring a disciplinary action set forth in the city and police union's collective bargaining agreement.

{¶ 4} Appellant appeared at the interview without an attorney. The investigator asked whether he waived his "right to * * * representation" and "the time limits to have [the] interview rescheduled." Appellant declined to waive his rights. The investigator then gave appellant the "Garrity Warning,"[1] advising him that he was being questioned as part of an official internal investigation, that he must answer all questions or face departmental charges including dismissal from the police force, and that no statements could be used against him in any subsequent criminal proceeding. Appellant was given a direct order to participate in the interview and in the walk-through. Appellant stated he could not participate in the

---

1. The Garrity Warning stated:

"I am advising you that you are being questioned as part of an official investigation of the Dayton Police Department. You will be asked questions specifically related to the performance of your official duties or fitness for office.

"In an interview related to a criminal investigation, you would be entitled to all the rights and privileges guaranteed by the laws and Constitution of this state and the Constitution of the United States, including the right not to be compelled to incriminate yourself; however, in this case, the Dayton Police Department is conducting an administrative interview related to an internal investigation.

"At this time, I am advising you that you must answer questions posed to you. If you refuse to answer questions relating to the performance of your official duties or fitness for duty, you will be subject to departmental charges which could result in your dismissal from the Dayton Police Department. Neither the statements that you make nor any information or evidence which is gained by reason of such statements can be used against you in any subsequent criminal proceeding; however, these statements may be used against you in relation to subsequent departmental disciplinary hearings. Are you clear on that?" See *Garrity v. New Jersey* (1967), 385 U.S. 493, 87 S.Ct. 616, 17 L.Ed.2d 562.

absence of his attorney. As a result, the investigator immediately relieved him of duty and ordered a show cause hearing for the next day.

{¶ 5} Appellant was served with charges and specifications for insubordination for failing to participate in the walk-through. He received a five-day suspension from the Dayton Chief of Police. Appellant appealed the suspension to the city of Dayton Civil Service Board. A hearing was held before a hearing officer, who recommended upholding the suspension, thereby rejecting appellant's contention that he had a statutory right to an attorney pursuant to R.C. 9.84.

{¶ 6} The board disaffirmed the hearing officer's recommendation and held that according to R.C. 9.84, appellant was entitled to legal representation. The Court of Common Pleas of Montgomery County affirmed the board's decision. The court of appeals reversed the trial court's judgment. The appellate court found that appellant was not entitled to legal representation pursuant to R.C. 9.84 because he was not sworn "as a witness."

{¶ 7} This matter is now before this court pursuant to the allowance of a discretionary appeal.

—————————

*Flanagan, Lieberman, Hoffman & Swaim* and *Richard Hempfling,* for appellant.

*J. Rita McNeil,* Dayton Director of Law, *John J. Scaccia,* Chief Administrative Counsel, and *Norma M. Dickens*, Assistant City Attorney, for appellee.

—————————

**FRANCIS E. SWEENEY, SR., J.**

{¶ 8} We are asked to decide whether a police officer who is the subject of an internal affairs investigation and is compelled to appear before a superior officer for the purpose of answering questions during the course of the investigation is

entitled to legal representation pursuant to R.C. 9.84.[2]  For the following reasons, we find that R.C. 9.84 provides for legal representation in this instance.  We reverse the judgment of the court of appeals.

**{¶ 9}** R.C. 9.84 states:

"Any person *appearing as a witness* before any public official, department, board, bureau, commission, agency, or representative thereof, in any administrative or executive proceeding or investigation, public or private, if he so requests, shall be permitted to be accompanied, represented, and advised *by an attorney* * * *." (Emphasis added.)

**{¶ 10}** The court of appeals found that R.C. 9.84 was inapplicable because appellant was not sworn to "appear as a witness" during the interview.  The court stated that "while a person need not be sworn to be a witness, a person must be sworn to appear *as a witness*."  (Emphasis *sic*.)

**{¶ 11}** Appellant argues that the court of appeals' decision is erroneous because its holding runs contrary to the clear wording of the statute.  He argues that a "witness" is anyone called upon to relate facts, regardless of whether they are placed under oath.  Thus, he maintains that he is entitled to legal representation under R.C. 9.84.

**{¶ 12}** It is a cardinal rule of statutory interpretation that a court must first look at the language of the statute itself to determine statutory intent.  *Provident Bank v. Wood* (1973), 36 Ohio St.2d 101, 105, 65 O.O.2d 296, 298, 304 N.E.2d 378, 381.  Moreover, in construing a legislative pronouncement, words are given

---

2.  Because the narrow question before us today involves the right to counsel arising in a statutory context, we leave for another day the issue of whether a departmental policy that requires members of the police force to respond to questions asked of them in any internal investigation or face disciplinary action violates constitutional rights against self-incrimination.  But, see, *Henneman v. Toledo* (1988), 35 Ohio St.3d 241, 245-246, 520 N.E.2d 207, 211-212, fn. 4, and *Jones v. Franklin Cty. Sheriff* (1990), 52 Ohio St.3d 40, 48, 555 N.E.2d 940, 949 (Douglas, J., dissenting).

their ordinary meanings. *In re Appropriation for Hwy. Purposes* (1969), 18 Ohio St.2d 214, 47 O.O.2d 445, 249 N.E.2d 48, paragraph one of the syllabus.

{¶ 13} The common meaning of a "witness" is "[i]n general, one who, being present, personally perceives a thing; a beholder, spectator, or eyewitness." Black's Law Dictionary (6 Ed.1990) 1603. Clearly, appellant was asked to participate in the walk-through because of what he personally perceived to have occurred during the July 9 incident.

{¶ 14} Yet the city argues that the right to counsel is reserved to one "appearing as a witness"; thus, this contemplates proceedings of a more formal nature. The city relies on *Erb v. Landreth* (Dec. 2, 1985), Butler App. No. CA85-05-049, unreported, 1985 WL 3973, which concluded that police officers called into the office of the city's director of safety for meetings concerning their activities as police officers were not entitled to the presence of counsel. The court reasoned that "R.C. 9.84 contemplates the right of counsel in proceedings of a more formal nature" and not to the "informal investigative meetings" that were held in that case.

{¶ 15} The city misconstrues the facts. Appellant was not called in just for questioning before his superior officer. This was an official investigation conducted by the Internal Affairs Bureau of the police force and his attendance at the scheduled videotape walk-through was mandatory. Moreover, appellant was the subject of the investigation. In fact, appellant was read the Garrity Warning. As part of this warning, he was specifically told that he was being questioned as part of an official investigation.

{¶ 16} In *State FOP, Grand Lodge No. 1 v. State* (Dec. 31, 1981), Franklin App. No. 80AP-744, unreported, 1981 WL 3707, the Tenth District Court of Appeals was asked to decide whether a member of the State Highway Patrol had a right to counsel at an internal investigative disciplinary proceeding. In construing R.C. 9.84, the appellate court determined that the General Assembly has created a broad right to representation by counsel with the adoption of this statute. After

considering the definition of "witness," the court ruled that the term "witness" as used in R.C. 9.84 is used in its broadest sense and should not be interpreted so as to exclude a person who is also a party to the investigation. Therefore, the court concluded that a member of the State Highway Patrol who is the subject of any administrative or executive proceeding or investigation has a right to be represented by legal counsel according to R.C. 9.84.

{¶ 17} We agree with the reasoning found in *State FOP, Grand Lodge No. 1,* that the General Assembly has created a broad right to representation with the adoption of R.C. 9.84, and that the term "witness," as used in the statute, is used in its broadest sense. We construe the statute according to its plain words. The statute provides that a person "appearing as a witness" before a public official in an "administrative * * * proceeding or investigation," if he so requests, "shall be permitted to be accompanied, represented, and advised by an attorney."

{¶ 18} Applying the plain meaning of the statute to the facts of this case, we hold that, pursuant to R.C. 9.84, a police officer who is the subject of a police department internal affairs investigation and is compelled to appear before a superior officer for the purpose of answering questions during the course of the investigation is "appearing as a witness" and, therefore, "shall be permitted to be accompanied, represented, and advised by an attorney." The judgment of the court of appeals is reversed.

*Judgment reversed.*

DOUGLAS, RESNICK, PFEIFER and LUNDBERG STRATTON, JJ., concur.

MOYER, C.J., COOK and LUNDBERG STRATTON, JJ., concur separately.

―――――――――――

**COOK, J., concurring.**

{¶ 19} I concur with the majority's decision because courts must construe remedial statutes, such as the one at bar, liberally. See R.C. 1.11. See, also, *Wellston Iron Furnace Co. v. Rinehart* (1923), 108 Ohio St. 117, 140 N.E. 623,

syllabus ("All statutes relating to procedure are remedial in their nature and should be liberally construed and applied to effect their respective purposes."). Thus, since the phrase "appearing as a witness," as well as the words "administrative * * * investigation," can reasonably be interpreted as Officer Piper suggests, we are obliged to adopt those meanings.

{¶ 20} It is because of this view about the remedial purpose of the statute that I differ with the court of appeals' narrower interpretation of the text of the statute. Although the court of appeals concluded that one is not "appearing as a witness" unless one has taken an oath, there appears no basis to foreclose the view that the words have a different meaning in common parlance.

{¶ 21} However, I wish to emphasize something the majority opinion suggests—that "appearing as a witness" alone is not sufficient to trigger the right to counsel under R.C. 9.84. One must "appea[r] as a witness * * * *in [an] administrative or executive proceeding or investigation.*" (Emphasis added.) The city correctly argues that the "investigation" or "proceeding" cannot be simply an informal interview and still trigger a right to counsel. I agree with the holding in *Erb v. Landreth* (Dec. 2, 1985), Butler App. No. CA85-05-049, unreported, 1985 WL 3973, that the benefits of this statute are triggered only where there is the requisite formality that would distinguish "administrative or executive proceedings or investigation" from informal interviews. The question is, what constitutes the requisite formality?

{¶ 22} The level of formality in any proceeding or investigation is a function of the rules applicable to the manner in which the proceeding or investigation is conducted. The scheduled "walk through" at issue here was a sufficiently formal "administrative * * * investigation" to trigger the application of the statute. Based on documents in the record, Article 8 of the collective bargaining agreement then in effect between the officers and the city required that the city give appellant at least twenty-four hours' notice of any inquiry it wished to conduct of

him regarding suspected misconduct on his part, and furthermore required the city to formally inform him of his right to representation. In addition, no disciplinary action could be taken unless appellant had had an opportunity for a hearing.

{¶ 23} It also appears—again, according to the record—that the Dayton Police Department's General Orders 1.10-5 III(B) and (C) provide that the subject of an administrative investigation conducted by Internal Affairs shall be given formal twenty-four-hour notice of the interview and of the right to representation. Regarding "walk-throughs," General Order 1.10-5 III(G)(1) provides that an officer may be "required" to participate in a videotape walk-through when necessitated by an administrative investigation. It seems incontrovertible that these written and detailed procedural rules satisfy the requirement of formality contemplated by R.C. 9.84.

{¶ 24} Because appellant "appeared as a witness" during a sufficiently formal "administrative investigation," he had a right to be represented by counsel pursuant to R.C. 9.84.

MOYER, C.J., and LUNDBERG STRATTON, J., concur in the foregoing concurring opinion.

——————————