OPINION
This appeal is taken by Plaintiff-Appellants Osting from the judgment entered by the Court of Common Pleas of Shelby County denying Osting's motion for summary judgment and granting Defendant-Appellee City of Sidney's motion for summary judgment
On January 17, 2000, the Sidney Planning Commission following public notice and hearing, recommended to the Sidney City Council that lots 5918 and 6180 (hereinafter "the Lots") be rezoned from an I-2, heavy industrial zone, to a B-2, community business zone. The indirect result of the rezoning of the Lots would be to allow expansion of the Wal-Mart store located adjacent to the Lots in the City of Sidney. On February 28, 2000, after notice and public hearing the Sidney City Council enacted Ordinance No. A-2203 rezoning the Lots from I-2, heavy industrial zone, to a B-2, community business zone pursuant to the Planning Commission recommendation.
After the Sidney City Council passed the ordinance, several individuals who objected circulated a petition in an effort to place a referendum on the ballot and suspend Ordinance A-2203 until the issue was presented for a vote of the electors of the City of Sidney. The individuals who took part in the referendum drive included several taxpayers within the city of Sidney and Local 1099 of the United Food and Commercial Workers. These individuals comprise the class of Plaintiffs-Appellants, State ex rel Osting (hereinafter known as "Osting"). Nearly two weeks after the enactment of Ordinance A-2203, Osting had acquired enough signatures and the referendum petition was filed with the City Clerk.
On April 3, 2000, the Sidney City Council, held a special meeting to discuss several issues including the recent referendum petition that had been filed suspending Ordinance A-2203. During the special meeting, the Sidney City Council, in an effort to bypass the referendum, adopted Ordinance A-2207, an emergency ordinance that instantly repealed Ordinance A-2203. A few minutes later, the Sidney City Council unanimously adopted Ordinance A-2208, an emergency ordinance that instantly rezoned the Lots in exactly the same manner as Ordinance A-2203 had previously done thus effectively blocking the previously filed referendum and preventing the filing of any future referendum.
Doris Blackston is a member of the Sidney City Council. Blackston is also a part-time employee of Wal-Mart. Although the rezoning of the Lots, if accomplished, would enable the expansion of Wal-Mart, Blackston did not recuse herself from voting during meetings of the Sidney City Council at which the rezoning of the Lots was discussed and acted upon. Furthermore, Blackston argued in favor of the Ordinances at the special meeting in April, voted in favor of both Ordinances and made the motion to suspend the rules to enable the Sidney City Council to pass the emergency legislation effectively blocking the referendum.
On April 13, 2000, Osting filed a complaint against the City of Sidney asserting first, that the Sidney City Council failed to set forth specific facts necessitating the emergency legislation enacted on April 3, 2000 as required by Article III, § 3-14 of the Charter of the City of Sidney; next, that "Council member Blackston's participation in the adoption of the two ordinances", A-2207 and A-2208, "tainted the entire deliberative and legislative process", and finally, that the Sidney City Council failed to follow the detailed procedure by which zoning ordinances are to be adopted as required by Title One Part II Chapter 1153 of the Sidney Code of Ordinances. Osting prayed for declaratory and injunctive relief pursuant to R.C. 733.56 and R.C. 2721.03
On May 24, 2000, the trial court, after holding a scheduling conference, issued a scheduling order fixing the dates for submission of motions for summary judgment. On September 18, 2000, the trial court denied Osting's motion for summary judgment and granted summary judgment in favor of the City of Sidney.
Specifically, the trial court found that Osting had not alleged a set of facts which established an "actual controversy" between the opposing parties and was therefore, not entitled to declaratory relief pursuant to R.C. 2721.03. However, the trial court found that Osting, as a taxpayer of the City of Sidney, was entitled to maintain a "taxpayer suit" for declaratory relief pursuant to R.C. 733.56 but in order to succeed was required to establish that the City of Sidney, "clearly abused its corporate powers" when it enacted Ordinances, A-2207 and A-2208. After reviewing all of the documents presented on summary judgment the trial court concluded that Osting had failed to establish that the City of Sidney had clearly abused its corporate powers.
On appeal from that judgment entry Osting presents the following four assignments of error:
 The trial court's conclusion that the plaintiffs-appellants lack standing to seek declaratory relief under R.C. § 2721.03 is incorrect as a matter of law.
 The trial court's conclusion that the City of Sidney complied with its zoning code in enacting Ordinance No. A-2208 is incorrect as a matter of law.
 The trial court's conclusion that City Council member Doris Blackston's express conflict of interest does not render Ordinances Nos. A-2207 and A-2208 void is incorrect as a matter of law.
 The trial court's conclusion that Ordinances nos. A-2207 and A-2208 are properly enacted emergency ordinances is incorrect as a matter of law.
For purposes of convenience and clarity, we shall address Osting's second assignment of error first.
 2. The trial court's conclusion that the City of Sidney complied with its zoning code in enacting Ordinance No. A-2208 is incorrect as a matter of law.
In the second error assigned on appeal Osting asserts that the trial court erred when it concluded that the City of Sidney complied with its zoning code in enacting Ordinance No. A-2208. Specifically, Osting argues that the Sidney City Council was required by Chapter 1153 of the Sidney Code of Ordinances to: 1) Present the proposed amendment or change in zoning to the planning commission which in turn would hold a public hearing and "advertise a legal notice of time, place and date of such hearing"; 2) Upon receipt of the Planning Commission's recommendation the council must "hold a public hearing before the adoption" of the proposed emergency ordinance. Osting alleges that the Sidney City Council failed to comply with those requirements in every respect when enacting Ordinance A-2208.
In contrast, the City of Sidney contends that the initial notice and hearing provided for Ordinance A-2203, which was subsequently repealed, was sufficient because Ordinance A-2203 was substantively identical to the A-2208 emergency legislation. Furthermore, the City of Sidney argues that the Supreme Court of Ohio approved a similar system for enacting emergency legislation in Taylor v. London (2000), 88 Ohio St.3d 137, and thus Ordinance A-2208 is valid emergency legislation.
Pursuant to R.C. 733.56 taxpayers of the City of Sidney may obtain declaratory relief if they establish that the City of Sidney clearly abused its corporate powers when it enacted Ordinance A-2208. At the outset it must be remembered that when reviewing enacted municipal legislation there is a general presumption that the legislation is valid. Alsenas v. Brecksville (1972), 29 Ohio App.2d 255. The burden of showing the invalidity is clearly upon the one challenging the legislation and the presumption of validity remains until the party having the burden of proof clearly establishes invalidity. Pearce v.City of Youngstown (1954), 100 Ohio App. 22. Therefore, Osting must establish that the City of Sidney "clearly abused its corporate powers" when it enacted Ordinance A-2208.
A. The Validity of Ordinance A-2208
Article XVIII, Section Three of the Ohio Constitution confers the power of self-government upon local municipalities. It is in part:
 Municipalities shall have authority to exercise all powers of local self-government and to adopt and enforce within their limits such local police, sanitary and other similar regulations, as are not in conflict with general laws.
The Supreme Court of Ohio held that "such section is self-executing, and that the power of local self-government is inherent in all municipalities." Morris v. Roseman (1954), 162 Ohio St. 447, 449 citingVillage of Perrysburg v. Ridgway, a Taxpayer, 108 Ohio St. 245,140 N.E. 595.
The city of Sidney is a charter city. Pursuant to the power granted it under the Ohio Constitution Sidney has adopted a system of local government and has enacted a City Code of Ordinances. Chapter 1153 of the Sidney Code of Ordinances provides the requirements and procedures for amending or changing the zoning of lots within the City of Sidney's borders. The sections pertinent to our review follow:
Sidney Code Section 1153.01 is in part:
 In accordance with the provisions of Ohio R.C. 713.10, Council may from time to time amend or change by ordinance the number, shape or area of districts established on the Zone Map or the regulations set forth in this Zoning Code, but no such amendment or change shall become effective unless the ordinance proposing such amendment or change is first submitted to the City Planning commission for approval, disapproval or suggestions and such Commission shall have been allowed a reasonable time, not less than thirty days, for consideration and report.
Sidney Code Section 1153.02 is in part:
 Before submitting its recommendations and report to Council, the City Planning commission shall hold a public hearing on the proposed amendment or change and shall advertise a legal notice of the time, place, and date of such hearing in a newspaper of general circulation in the City at least fourteen days prior to the hearing. * * *
Sidney Code Section 1153.03 is in part:
 Council shall hold a public hearing before the adoption of the proposed amendment or change and shall publish one notice of the time, place and date for such hearing * * *
The Ohio Supreme Court has held that when a municipality enacts legislation or ordinances amending a current zoning ordinance, the municipality must satisfy all the procedural requirements set forth in the applicable code. Morris v. Roseman (1954), 162 Ohio St. 447,123 N.E.2d 419.
In determining the legislative intent of an ordinance, a court must first look to the language of the ordinance itself. Provident Bank v.Wood (1973), 36 Ohio St.2d 101. It is the duty of the court to give effect to the words used in the ordinance, not to delete words used or insert words not used. Cleveland Elec. Illum. Co. v. Cleveland (1988),37 Ohio St.3d 50. If the words of the ordinance plainly convey a meaning which is clear, unequivocal and definite, the interpretive effort of the court ends, and the ordinance must be applied accordingly. Id.; R.C. 1.49. However, where an ordinance is found to be subject to various interpretations, a court called upon to interpret its provisions may invoke rules of construction in order to arrive at the council's intent. See, State, ex rel. Zonders v. Delaware Cty. Bd. of Elections (1994),69 Ohio St.3d 5, 10.
The language of the foregoing sections of the Sidney Code of Ordinances is plain and unequivocal; before a zoning ordinance (emergency or otherwise) may be adopted by the Sidney City Council it must first be submitted to the Sidney Planning Commission for recommendation, notice and public hearing, and then upon its recommendation, the Sidney City Council may after notice and hearing adopt the ordinance. Reviewed within the structure of Sidney Code of Ordinances the process followed by the Sidney City Council in enacting Ordinance A-2208 failed to follow the unambiguous language provided by the Sidney Code of Ordinances and thus, was not proper.
The City of Sidney urges that following the plain and unambiguous meaning of the Sidney Ordinances leads to an absurd result. Specifically, the City of Sidney contends that by following the Ordinances, the Planning Commission and the City Council will be holding hearings on legislation already approved and considered. This argument is without merit.
By enacting Ordinance A-2207, the Sidney City Council repealed Ordinance A-2203. As a result, it was as if the Sidney City Council had never acted on the Planning Commission's recommendation to rezone the Lots in the first instance. Therefore, when the Sidney City Council approved Ordinance A-2208 as emergency legislation without holding a hearing upon proper notice it violated the controlling Ordinances.
Nevertheless, the City of Sidney argues, the Supreme Court approved a procedure similar to that used by the City of Sidney in adopting emergency ordinances in Taylor v. London (2000), 88 Ohio St.3d 137 . We believe that reliance to be misplaced.
In Taylor, the Madison County Board of Commissioners, after notice and hearing, approved two petitions for annexation. Thereafter the London City Council passed two ordinances accepting both applications for annexation. Sometime after their adoption, Taylor filed referendum petitions requesting that the ordinances be placed on the ballot the following November.
Immediately thereafter, the London city council passed four emergency ordinances, two repealing the original ordinances and two enacting new ordinances identical in substance to the original ordinances. The emergency ordinances took effect immediately and were therefore, not subject to referendum. Taylor filed a complaint alleging that the actions of the City of London were unconstitutional and further violated R.C. 709.10.
The Supreme Court of Ohio found that "properly adopted emergency legislation" that acts to deny a referendum is not unconstitutional.Taylor at 143. The Supreme Court did not address procedural questions of compliance with respect to the ordinances and neither party raised that issue, the court considered only whether the actions taken when properly taken were unconstitutional. However, the issue presently before this court is whether or not the actions taken by the Sidney City Council were procedurally proper according to the controlling Ordinances. Further, the annexation provisions at issue in Taylor were Ohio Statutes not local city ordinances, as here.
For the foregoing reasons we sustain Osting's second assignment of error and pursuant to R.C. 733.56, we find that Osting has established that the City of Sidney "clearly abused its corporate powers" when it enacted Ordinance A-2208. Thus, we hereby declare Ordinance A-2208 of the City of Sidney to be invalid. Further we find Ordinance A-2207 valid as merely a revocation of Ordinance A-2203 done in accordance with the plain and unambiguous requirements of the Sidney Code of Ordinances set forth in the foregoing opinion.
Because Appellants have attained declaratory relief pursuant to R.C.733.56 the first error assigned is moot. Having found Ordinance A-2207 to be valid, assignments of error three and four insofar as they relate to Ordinance A-2207 are without merit. Further, having declared Ordinance A-2208 to be invalid assignments of error three and four insofar as they relate to Ordinance A-2208 are moot. Having found error prejudicial to Appellant in the particulars herein assigned, the judgment of the Court of Common Pleas of Shelby County insofar as it held Ordinance A-2208 to be valid is reversed.
 ______________ Bryant, J.
 SHAW and HADLEY, JJ., concur.