[Cite as *State v. McCune*, 195 Ohio App.3d 247, 2011-Ohio-4061.]

COURT OF APPEALS
COSHOCTON COUNTY, OHIO
FIFTH APPELLATE DISTRICT


THE STATE OF OHIO,

          Appellee,

v.

MCCUNE,

          Appellant.

JUDGES:
Hon. W. Scott Gwin, P.J.
Hon. John W. Wise, J.
Hon. Patricia A. Delaney


Case No. 11-CA-0002


O P I N I O N


| CHARACTER OF PROCEEDING: | Criminal appeal from the Coshocton Municipal Court, Case No. TRD-0901489 |
| --- | --- |
| JUDGMENT: | Affirmed |
| DATE OF JUDGMENT ENTRY: | August 12, 2011 |
| APPEARANCES: | |


    James R. Skelton, Police Prosecutor, for appellee.
    Frase, Weir, Baker & McCullough and Robert E. Weir, for appellant.

GWIN, Presiding Judge.

{¶ 1} Defendant-appellant, Milo L. McCune, appeals from the judgment of the Coshocton Municipal Court finding him guilty of gross overload in violation of R.C. 5577.04. Plaintiff-appellee is the state of Ohio.

## STATEMENT OF THE FACTS AND CASE

{¶ 2} Appellant's tractor-trailer was stopped on August 31, 2009, by Trooper D.L. McInerney. McInerney indicated that the trailer on the truck appeared to be squatting as if the load was too heavy. Appellant was hauling wood chips. The trailer was weighed and it was discovered that the trailer was 1,200 pounds over limit of the maximum weight of 80,000 pounds for this particular trailer. Appellant was subsequently charged with a violation of R.C.5577.04, gross overload.

{¶ 3} Appellant pleaded not guilty, and the matter was scheduled for trial on October 7, 2009. Evidence was presented. Appellant raised the defense found in R.C. 5577.042 permitting a weight variance of 7.5 percent above the maximum permissible weight for "a log truck transporting timber." The parties requested leave to file briefs on the issues presented at trial. The court continued the matter until November 4, 2009, to allow time for briefs to be filed. On November 4, 2009, both appellant and appellee filed their briefs. On November 6, 2009, appellant filed a reply brief. On January 24, 2011, the trial court issued its decision, finding that wood chips were not timber. The court therefore found appellant guilty of gross overload in violation of R.C.5577.04.

{¶ 4} It is from the trial court's January 24, 2011 judgment entry finding appellant guilty of gross overload in violation of R.C.5577.04 that appellant has timely appealed raising as his sole assignment of error:

{¶ 5} "I. The trial court erred as a matter of law to the prejudice of appellant by finding said appellant guilty of violating O.R.C. §5577.04(B)."

I

{¶ 6} The parties stipulated that the maximum weight for the trailer was 80,000 pounds. The parties have also stipulated that the trailer weighed 81,200 pounds. Appellant was hauling wood chips. Appellant argued that the wood chips were produced in the forest and loaded onto his truck. He therefore contends that woodchips are considered timber for purposes of the weight variance of 7.5 percent above the maximum permissible weight for "a log truck transporting timber." If this exception applies, appellant argues, the trial court erred in finding him guilty of gross overload. While we are not unsympathetic to appellant's plight, we must disagree.

{¶ 7} At issue is former R.C. 5577.042, which provided:

{¶ 8} "(A) As used in this section:

{¶ 9} "* * *

{¶ 10} "(4) "Log truck" means a truck used in the transportation of timber from the site of its cutting when the truck is operated in accordance with this section.

{¶ 11} "* * *

{¶ 12} "(B) Notwithstanding sections 5577.02 and 5577.04 of the Revised Code, a coal truck transporting coal, a farm truck or farm machinery transporting farm commodities, *a log truck transporting timber*, or a solid waste haul vehicle hauling solid

waste, *from the place of production to the first point of delivery where the commodities are weighed and title to the commodities, coal, or timber is transferred*, or, in the case of solid waste, from the place of production to the first point of delivery where the solid waste is disposed of or title to the solid waste is transferred, *may exceed by no more than seven and one-half per cent the weight provisions of sections 5577.01 to 5577.09 of the Revised Code and no penalty prescribed in section 5577.99 of the Revised Code shall be imposed.*"   (Emphasis added.)   Sub.H.B. No. 230, 150 Ohio Laws, Part III, 4374, 4586.

{¶ 13} Thus, this court must decide whether wood chips are timber.  The term "timber" is not defined in the Ohio Revised Code.

{¶ 14} The primary goal of the judiciary in interpreting or constructing a statute is to give effect to the intention of the legislature through application of well-settled rules of construction or interpretation.  *Henry v. Cent. Natl. Bank* (1968), 16 Ohio St.2d 16, 20, 242 N.E.2d 342.  It is a cardinal rule that a court must first look to the language itself to determine the legislative intent.  *Provident Bank v. Wood* (1973), 36 Ohio St.2d 101, 105, 304 N.E.2d 378.  If that inquiry reveals that the statute conveys a meaning that is clear, unequivocal, and definite, then the interpretive effort is at an end and the statute must be applied accordingly.  Id. at 105–106.  In determining legislative intent, it is the duty of the court to give effect to the words used, not to delete words used or to insert words not used.  *Columbus–Suburban Coach Lines v. Pub. Util. Comm.* (1969), 20 Ohio St.2d 125, 127, 254 N.E.2d 8.  See also *In re McClanahan,* Tuscarawas App. No. 2004AP010004, 2004-Ohio-4113, at ¶ 16.

{¶ 15} R.C. 1.42 states:  "Words and phrases shall be read in context and

construed according to the rules of grammar and common usage. Words and phrases that have acquired a technical or particular meaning, whether by legislative definition or otherwise, shall be construed accordingly."

{¶ 16} Generally, the word "timber" "is used to designate wood suitable for building or trees that have been cut into lumber suitable for construction uses, or it may refer to trees generally; timber is usually distinguishable from saplings and undergrowth as well as trees not suitable as a building material such as trees suitable only for firewood or decoration." 66 Ohio Jurisprudence 3d, Logs and Timber, Section 1. See also http://www.merriam-webster.com/dictionary/timber.

{¶ 17} The terms "log" and "logs" refer to the section or sections of a tree that have been cut or sawed from the trunk after severance from the stump. Id. "Lumber" is the product manufactured from logs. Id.

{¶ 18} We note that other states have amended statutes to include the hauling of wood chips within the gross-weight exemptions afforded to the hauling of timber. See Ark.Code Ann. 27-14-601(a)(3)(H)(i)[1]; Ind.Code Ann. 9-20-4-2(c)[2]; Me.Rev.Stat.Ann. Title 17, 3853-D (2)(A-2)[3]; Tenn.Code Ann. 55-4-113(3)(c).[4] However, no such revision

---

[1] Ark.Code Ann. 27-14-601(H)(i) states: "Notwithstanding any provision of this subdivision (a)(3)(H) or any other law to the contrary, persons in the timber harvesting or forestry industries who transport wood waste, wood chips, or wood dust from a mill or a temporary location may transport the wood waste, wood chips, or wood dust from the mill or the temporary location to a destination for further processing under this special classification."

[2] Ind.Code Ann. 9-20-4-2(c) states: "For purposes of this section, 'farm commodities' includes logs, wood chips, bark, sawdust, and bulk milk. The exemptions that apply to vehicles that transport farm commodities under subsection (a) apply to the transportation of wood chips, bark, and sawdust at all times if the weight of the vehicle with load does not exceed either the gross weight limit or the axle weight limit by more than ten percent (10%)."

[3] Me.Rev.Stat.Ann. Title 17, 3853-D(2)(A-2) states: "'Forest products' means any woody stemmed plant as well as any products that have been harvested but not yet transported from the harvesting site, including logs, pulpwood, veneer, bolt wood, wood chips, stud wood, poles, pilings, biomass, fuel wood, Christmas trees, evergreen boughs and cones for seed production."

has been made to R.C. 5577.042.

{¶ 19} The language of R.C. 5577.042 is clear and unambiguous on its face and needs no interpretation. Had the General Assembly intended to include wood chips within the exception to the gross-weight requirements applicable to log trucks hauling timber it could have easily done so by including the words in the statute. To find otherwise would require this court to rewrite R.C. 5577.042 to insert the words "wood chips" into subsection (4).

{¶ 20} Accordingly, the court concludes that the Ohio General Assembly did not intend to include a log truck transporting wood chips within the exception to the gross-weight requirements applicable to log trucks hauling timber.

{¶ 21} Appellant's sole assignment of error is overruled.

{¶ 22} The judgment of the Coshocton Municipal Court, Coshocton County, Ohio is hereby affirmed.

Judgment affirmed.

WISE and DELANEY, JJ., concur.

---

[4] Tenn.Code Ann. 55-4-113(a)(3)(C) states: "For purposes of this section, 'logging and lumbering trucks' are those trucks used for hauling logs, pulpwood, bark, wood chips, and wood dust from the woods to the mill or for hauling lumber, bark, wood chips, and wood dust from the mill to a loading or storage place."