[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Dundics v. Eric Petroleum Corp,* Slip Opinion No. 2018-Ohio-3826.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2018-OHIO-3826

DUNDICS ET AL., APPELLANTS, *v.* ERIC PETROLEUM CORPORATION ET AL., APPELLEES.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Dundics v. Eric Petroleum Corp,* Slip Opinion No. 2018-Ohio-3826.]

*Occupations and professions—An oil-and-gas lease falls within definition of "real estate" in R.C. 4735.01(B)—Negotiation of oil-and-gas leases requires real-estate-broker's license pursuant to R.C. 4735.01(A) and 4735.02(A)— Because oil-and-gas land professionals seek compensation for conducting an activity described in R.C. 4735.01(A) without real-estate-broker's license, R.C. 4735.21 precludes their cause of action—Court of appeals' affirmance of trial court's dismissal of complaint affirmed.*

(No. 2017-0448—Submitted May 8, 2018—Decided September 25, 2018.)

APPEAL from the Court of Appeals for Mahoning County, No. 2015 MA 0156, 2017-Ohio-640.

_____

**O'CONNOR, C.J.**

{¶ 1} In this appeal, we address whether oil-and-gas land professionals, who help obtain oil-and-gas leases for oil-and-gas-development companies, must be licensed real-estate brokers when they engage in the activities described in R.C. 4735.01(A) with respect to oil-and-gas leases. More specifically, we address whether R.C. 4735.21 precludes a person who is not a licensed real-estate broker from bringing a cause of action to recover compensation allegedly owed for negotiating oil-and-gas leases. Because the plain language of R.C. 4735.01 does not exclude oil-and-gas land professionals or oil-and-gas leases from the relevant definitions set forth in the statute, we hold that appellants, Thomas Dundics and his company, IBIS Land Group, Ltd., engaged in activities that required a real-estate-broker's license and are precluded from bringing a cause of action to recover compensation for those activities. Therefore, we affirm the judgment of the Seventh District Court of Appeals affirming the trial court's dismissal of appellants' complaint.

**FACTS AND PROCEDURAL BACKGROUND**

{¶ 2} In 2014, appellants filed a complaint against appellees, Bruce E. Brocker and Eric Petroleum Corporation (collectively, "Eric Petroleum"). The complaint alleged that in 2010, Dundics met with Brocker "to discuss a venture of acquiring oil and gas leases" for Eric Petroleum, leading to an agreement by which "Dundics would find property owners, negotiate gas leases, and work with * * * Eric Petroleum to obtain executed gas leases." In exchange, Eric Petroleum would compensate appellants with a fixed payment for every leased acre and a percentage of the proceeds from working wells placed on the leased land. The complaint further alleged that Dundics was not required to be a licensed real-estate broker because oil-and-gas leases are not transactions involving real estate. Because Eric Petroleum allegedly refused payment for certain leases for which appellants demanded payment, appellants sought compensatory and punitive damages for

claims in breach of contract, conversion, fraud, unjust enrichment, and quantum meruit.

{¶ 3} Eric Petroleum moved to dismiss, arguing in part that the complaint failed to state a claim because it did not allege that Dundics was a licensed real-estate broker and R.C. 4735.21 precludes a person without a real-estate-broker's license from bringing a cause of action to recover compensation owed for certain real-estate activities.

{¶ 4} The trial court adopted a magistrate's recommendation to dismiss the complaint.

{¶ 5} The Seventh District affirmed, concluding that R.C. 4735.21 precludes recovery by appellants because oil-and-gas leases are real estate and therefore, negotiating oil-and-gas leases requires a real-estate-broker's license.

{¶ 6} Appellants appealed to this court, and we accepted the following proposition of law for review:

> Oil and gas land professionals, who help obtain oil and gas leases mostly for sophisticated oil and gas development businesses, should not be required to be licensed real estate brokers. Ohio's statutory licensing requirements for real estate brokers, set forth in R.C. 4735.01 et seq., were not intended to cover oil and gas land professionals, because they perform substantially different services than residential or commercial real estate agents and their activity is limited to a very small, specific area relative to real estate rights.

*See* 151 Ohio St.3d 1425, 2017-Ohio-8371, 84 N.E.3d 1063.

## ANALYSIS

{¶ 7} To interpret a statute, we must first consider its language to determine legislative intent. *Provident Bank v. Wood*, 36 Ohio St.2d 101, 105, 304 N.E.2d

378 (1973).  When a statute's meaning is clear and unambiguous, we apply the statute as written.  *Id.* at 105-106.  We must give effect to the words used, refraining from inserting or deleting words.  *Cleveland Elec. Illum. Co. v. Cleveland*, 37 Ohio St.3d 50, 53-54, 524 N.E.2d 441 (1988).

{¶ 8} Appellants argue that whether the term "real estate" as defined in R.C. 4735.01(B) includes oil-and-gas leases is ambiguous and that we should resolve that ambiguity by determining that activities involving oil-and-gas leases are exempt from the broker's-license requirement.

{¶ 9} Under R.C. 4735.02(A), no one shall act as a real-estate broker without a license.  R.C. 4735.01(A) defines "real estate broker" as any person or entity who, for compensation or other valuable consideration, performs certain activities, including negotiating the lease of real estate, holding one's self out as engaged in the business of leasing real estate, and "the procuring of prospects or the negotiation of any transaction * * * which does or is calculated to result in" the lease of real estate.  Thus, to conduct any of these activities, a real-estate-broker's license is required.  R.C. 4735.21 precludes a cause of action by someone seeking compensation for the activities described in R.C. 4735.01(A) without proof that the person is a licensed real-estate broker.

{¶ 10} The statute includes a broad definition of "real estate."  Under R.C. 4735.01(B), real estate "includes leaseholds as well as any and every interest or estate in land situated in this state, whether corporeal or incorporeal, whether freehold or nonfreehold, and the improvements on the land, but does not include cemetery interment rights."  Appellants argue that notwithstanding this broad language, this court should "analyze whether it makes any sense to lump [oil-and-gas leases] in with other types of traditional leases of surface estates for the goals and intent of the license requirements."

{¶ 11} But whether that makes sense is a policy question for the General Assembly to decide.  Our task is to interpret and apply the statutory language.  We

4

disagree with appellants' contention that the unique nature of oil-and-gas leases creates an ambiguity in R.C. 4735.01. The language of the statute itself is not ambiguous. There is simply no exception in the statutes governing real-estate-broker's licenses for oil-and-gas leases or oil-and-gas land professionals.

{¶ 12} The General Assembly has excluded some activities from the broker's-license requirement. For example, the definition of "real estate" in R.C. 4735.01(B) specifically excludes cemetery interment rights. Additionally, an attorney is not considered a real-estate broker when engaging in the activities listed in R.C. 4735.01(A) if the attorney is acting "in the performance of the attorney's duties." R.C. 4735.01(I)(1)(d). A person acting as a bankruptcy trustee or the executor of a will is similarly not considered a real-estate broker when engaging in the activities listed in R.C. 4735.01(A). R.C. 4735.01(I)(1)(b). But R.C. 4735.01 contains no exception for oil-and-gas leases or oil-and-gas land professionals.

{¶ 13} Appellants contend that the nature and historical treatment of oil-and-gas rights renders R.C. 4735.01 ambiguous regarding whether "real estate" includes oil-and-gas leases. In 2015, however, the General Assembly amended the recording statute for oil-and-gas leases "[i]n recognition that [oil-and-gas] leases and licenses create an interest in real estate." R.C. 5301.09. Thus, we are not persuaded by appellants' argument.

{¶ 14} Appellants and amici curiae assert that oil-and-gas land professionals have long worked in Ohio without real-estate-broker's licenses. Here, according to the complaint, Eric Petroleum has paid appellants some compensation for their work obtaining oil-and-gas leases; thus, it appears that Eric Petroleum did not take issue with Dundics's lack of a real-estate-broker's license until appellants filed suit to recover compensation. Nonetheless, the plain language of R.C. 4735.01 includes nothing to indicate that the General Assembly intended to exempt oil-and-gas land professionals from the broker's-license requirement. The

assertion that this requirement has historically not been enforced in the oil-and-gas industry does not give this court permission to write an exception into the statute.

## CONCLUSION

{¶ 15} Because there is no ambiguity in the statute, we need look no further than its plain language. We conclude that an oil-and-gas lease falls within the definition of "real estate" in R.C. 4735.01(B), the negotiation of which requires a real-estate-broker's license pursuant to R.C. 4735.01(A) and 4735.02(A). Because appellants seek compensation for conducting an activity described in R.C. 4735.01(A) without a real-estate-broker's license, R.C. 4735.21 precludes their cause of action.

Judgment affirmed.

O'CONNOR, C.J., and FRENCH, FISCHER, DEWINE, and MYERS, JJ., concur.

O'DONNELL and KENNEDY, JJ., concur in judgment only.

BETH A. MYERS, J., of the First District Court of Appeals, sitting for DEGENARO, J.

_____

Manchester, Newman & Bennett, David A. Detec, and Thomas F. Hull II, for appellants.

Thomas A. Hill and Richard F. Protiva, for appellees.

Vorys, Sater, Seymour and Pease, L.L.P., Timothy B. McGranor, and Mitchell A. Tobias, urging reversal for amici curiae, American Association of Professional Landmen, Ohio Oil and Gas Association, Southeastern Ohio Oil and Gas Association, DPS Land Services, L.P., Halo Land Management, L.L.C., and Reserve Energy Exploration Company.

_____