The STATE of Ohio, Appellant,

v.

WILLIAMS, Appellee.

[Cite as State v. Williams, 166 Ohio App.3d 444, 2006-Ohio-1409.]

Court of Appeals of Ohio,
Third District, Allen County.

No. 1–05–74.

Decided March 27, 2006.

Jana E. Gutman, Assistant Prosecuting Attorney, for appellant.

Michael J. Short, for appellee.

BRYANT, Presiding Judge.

{¶ 1} The plaintiff-appellant, the state of Ohio, appeals the judgment of the Allen County Common Pleas Court dismissing an indictment filed against the defendant-appellee, Derrick E. Williams.

{¶ 2} Williams is a convicted sex offender who must comply with the registration requirements of R.C. Chapter 2950. On June 24, 2004, Williams reported to the Allen County Sheriff's Office for his annual residence verification. At that time, Williams registered as homeless. Allegedly, the deputy provided Williams with a paper, which Williams signed, indicating that his next verification was scheduled for June 15, 2005. Williams failed to verify his address on June 15, 2005, and on August 11, 2005, he was indicted on one count of failure to periodically verify a current address, a violation of R.C. 2950.06(F) and 2950.99(A)(1)(b)(i), a felony of the third degree.

{¶ 3} Williams filed a motion to dismiss the indictment on September 8, 2005, alleging that the state had failed to comply with the written warning requirement of R.C. 2950.06(G)(1). The trial court dismissed the indictment on October 3, 2005. The state appeals the trial court's judgment and asserts the following assignment of error:

The trial court erred in dismissing the indictment.

{¶ 4} The state contends that because Williams registered as homeless in 2004, the sheriff had no last known address to which he could send a written warning. In response, Williams contends that R.C. 2950.06 must be strictly construed against the state. Therefore, Williams argues that the state is not excused from sending the written warning by his registration as a homeless sex offender.

{¶ 5} Pursuant to R.C. 2945.67, we have jurisdiction to decide this appeal, which presents a question of first impression in the state. R.C. 2950.06(F) states:

> No person who is required to verify a current residence * * * pursuant to divisions (A) to (C) of this section shall fail to verify a current residence * * * in accordance with those divisions by the date required for the verification as set forth in division (B) of this section, provided that *no person shall be prosecuted * * * for a violation of this division * * * prior to the expiration of the period of time specified in division (G) of this section.*

(Emphasis added.) On the day after an offender fails to verify a current address, the sheriff *shall* send a written warning to the offender at the offender's last known residence if the offender has failed to verify. R.C. 2950.06(G)(1). The warning must include a conspicuous statement that the offender "has seven days from the date on which the warning is sent to verify the current residence * * * with the sheriff who sent the warning." R.C. 2950.06(G)(1)(c). Additionally, the warning must "[c]onspicuously state that, if the offender does not verify the current residence * * * with that sheriff within that seven-day period, the offender * * * will be arrested or taken into custody, as appropriate, and prosecuted * * * for a failure to timely verify a current address." R.C. 2950.06(G)(1)(f). Additionally, R.C. 2950.06(G)(2) states:

> If an offender * * * fails to verify a current residence * * * as required by divisions (A) to (C) of this section by the date required for the verification as set forth in division (B) of this section, the offender * * * *shall not be prosecuted* for a violation of division (F) of this section * * * *unless the seven-day period subsequent to that date that the offender * * * is provided under division (G)(1) of this section to verify the current address has expired* and the offender * * * prior to the expiration of that seven-day period, has not verified the current address.

(Emphasis added.)

{¶ 6} In reviewing a statute, courts " 'first look to the language of the statute itself to determine the legislative intent.' " *State v. Barnett,* 3d Dist. No. 13–92–1, 1993 WL 140521, at *3, quoting *Provident Bank v. Wood* (1973), 36 Ohio St.2d 101, 105, 106, 65 O.O.2d 296, 304 N.E.2d 378. " 'If that inquiry reveals that the statute conveys a meaning which is clear, unequivocal and definite, at that point the interpretative effort is at an end, and the statute must be applied

accordingly.' " Id., quoting *Provident Bank*, supra, 36 Ohio St.2d at 105–106, 65 O.O.2d 296, 304 N.E.2d 378, citing *Sears v. Weimer* (1944), 143 Ohio St. 312, 28 O.O. 270, 55 N.E.2d 413. The General Assembly's stated purpose for enacting R.C. Chapter 2950 is to "protect the safety and general welfare of the people of this state." R.C. 2950.02(B). The General Assembly intended for the public to be informed of sex offenders' whereabouts in order to better protect itself against a group of offenders who pose a risk of recidivism. See R.C. 2950.02(A)(1) and (2).

{¶ 7} In order to inform the public of sex offenders' whereabouts, R.C. 2950.06 requires periodic address verification, and the offender bears the burden of compliance. However, if the offender fails to comply, the statute provides for two events to occur on the day after the offender was scheduled to verify the address. First, the sheriff is required to send a written warning to the offender at the offender's last known address. See R.C. 2950.06(G)(1). Second, a seven-day period for compliance commences.[1] R.C. 2950.06(F), (G)(1)(c), and (G)(2). If the offender fails to verify a current address within the seven-day compliance period, he or she will be subject to prosecution for a felony offense. R.C. 2950.06(F), (G)(2), 2950.99. In this case, the state did not prosecute Williams until after the seven-day compliance period expired.

{¶ 8} Williams essentially argues that the two events are dependent upon each other. That is, the seven-day period for compliance does not begin to run until the sheriff actually sends the letter. However, a careful reading of the statute reveals otherwise. The sheriff is required to send the letter on a certain day, which is the day after the yearly verification period expires. The seven-day compliance period is also calculated from the day after the yearly verification period expires. However, each operates independently of the other. Therefore, prosecution may commence upon the expiration of the seven-day compliance period if the offender has not verified a current address with the sheriff.

{¶ 9} Contrary to Williams's assertions, we are not required to strictly construe R.C. 2950.06(G)(1) against the state, because R.C. Chapter 2950 is remedial rather than punitive. See R.C. 2901.04(A); *State v. Cook* (1998), 83 Ohio St.3d 404, 700 N.E.2d 570. Remedial statutes must be "liberally construed in order to promote their object and assist the parties in obtaining justice." R.C. 1.11. Liberally construing 2950.06(G)(1) promotes the General Assembly's stated purpose of protecting the public's safety and general welfare. At the time Williams registered as homeless, he did not have to provide a temporary mailing address, which is required by the current version of R.C. 2950.05(A). Likewise,

---

1. The seven-day compliance period is in addition to the original compliance period of one year.

nothing in R.C. 2950.06 requires that the offender have received the sheriff's warning before prosecution. R.C. 2950.06(G)(1) merely requires the sheriff to send a written warning to an offender's last known address, which he was unable to do in this case because of Williams's homelessness. The sole assignment of error is sustained.

{¶ 10} The judgment of the Allen County Common Pleas Court is reversed, and this cause is remanded for further proceedings.

Judgment reversed
and cause remanded.

Cupp, J., concurs.

Rogers, J., dissenting.

{¶ 11} I must respectfully dissent from the judgment of the majority in this case. First, the majority takes the position that R.C. Chapter 2950 is remedial and, therefore, must be liberally interpreted. Second, the majority argues that the requirement of mailing to appellee's last known address was an impossibility, because he is homeless and had informed the sheriff that he has no current address.

{¶ 12} While the registration requirements of R.C. Chapter 2950 may have been enacted generally as remedial measures, Williams is charged with a criminal violation under R.C. 2950.06(F). Therefore, this section is subject to strict interpretation against the state and must be liberally interpreted in favor of the accused. R.C. 2901.04(A) provides:

> Except as otherwise provided in division (C) or (D) of this section, sections of the Revised Code defining offenses or penalties shall be strictly construed against the state, and liberally construed in favor of the accused.

{¶ 13} The language of R.C. 2950.06(F) indisputably defines a criminal offense, and the language could not be more clear, providing that "no person shall be prosecuted * * * prior to the expiration of the period of time specified in division (G) of this section." Subsection (G) specifies the seven-day time period in question. It is axiomatic that the time period cannot expire if it never begins.

{¶ 14} Furthermore, I find support for this position in the Ohio Jury Instructions, which clearly state that one of the matters that the state must prove beyond a reasonable doubt is that "the sheriff sent a written warning to the defendant's last known address advising him/her that he/she had seven days from the date said warning was sent to verify his/her current address with the sheriff." 4 Ohio Jury Instructions 550.06. While Ohio Jury Instructions may not be conclusive authority or binding on this court, they are frequently cited as authority, even by the Ohio Supreme Court.

{¶ 15} I also see no difficulty in the sheriff mailing a letter to appellee's last known address. The statute does not say current address. It requires only that the letter be sent to the last address at which the appellee was known to reside. While a registrant may no longer be at the last address a sheriff has on record, it may well be that some person at that address will still have some contact with or method of contacting the registrant, and will be able to pass on the letter. If not, the registrant would have to suffer the consequences, but the sheriff will have fulfilled his or her statutory duty, and the prosecution could proceed.

{¶ 16} Accordingly, I would overrule the sole assignment of error and affirm the decision of the trial court.