OPINION
{¶ 1} Plaintiff-appellant, State of Ohio (hereinafter "state") appeals the judgment of the Allen County Court of Common Pleas dismissing the indictment filed against defendant-appellee, Jeremy Nance (hereinafter "Nance"). For the reasons which follow, we find the state's argument has merit.
 {¶ 2} On August 4, 1998, Nance was convicted of gross sexual imposition. Consequently, Nance was required to register as a sex offender and to verify his address in person with the Allen County Sherriff's Office every ninety days.
 {¶ 3} On October 15, 2004, Nance registered with the Allen County Sherriff's Office listing his address as "homeless". Nance's next verification date was on January 16, 2005; however, Nance failed to report either ten days prior to the verification date or within seven days after the verification date. The Allen County Sherriff's Office did not send a warning letter to Nance, who had listed his address as homeless.
 {¶ 4} On March 17, 2005, the state indicted Nance for failure to verify his address, which is a violation of R.C. 2950.06(F) and R.C. 2950.99(A)(1)(b)(i) and a felony of the third degree. Nance filed a motion to dismiss the indictment. Thereafter, the trial court granted the motion and dismissed the indictment.
 {¶ 5} It is from the trial court's dismissal of the indictment that the state appeals and sets forth a sole assignment of error for our review.
 ASSIGNMENT OF ERROR NO. I THE TRIAL COURT ERRED IN DISMISSING THE INDICTMENT.
 {¶ 6} In its sole assignment of error, the state argues that because Nance last registered as homeless, the sheriff had no address to which the sheriff could send the warning letter. The state further argues that, under the circumstances, it was only required to wait for the expiration of the additional seven-day period before commencing prosecution of Nance.
 {¶ 7} In the present case, Nance had registered as homeless with the sheriff's office. Nance did not subsequently verify his current address by the required date. Since Nance listed his last known address as homeless, the sheriff was unable to send a warning letter to Nance's last known address. The seven-day waiting period expired prior to the state commencing prosecution of Nance.
 {¶ 8} In State v. Williams, 3rd Dist. No. 1-05-74,2006-Ohio-1409, this court decided an analogous case. InWilliams, this court determined that the state may prosecute an individual for failing to verify an address after the seven day waiting period expires notwithstanding that the sheriff does not send a written warning to the offender because the offender is homeless and without an address. Id. at ¶ 8-9. The facts of this case are, in all essential respects, the same as those inWilliams. Accordingly, we reverse on the authority of State v.Williams, supra.
 {¶ 9} Having found error prejudicial to appellant herein, in the particulars assigned and argued, we reverse the judgment of the trial court and remand the matter for further proceedings consistent with this opinion.
Judgment Reversed and Cause Remanded.
 Bryant, P.J., and Shaw, J., concur.