THE STATE OF OHIO, APPELLEE, *v.* WILLIAMS, APPELLANT.

[Cite as *State v. Williams,* 114 Ohio St.3d 103, 2007-Ohio-3268.]

(No. 2006–0875—Submitted March 14, 2007—Decided July 11, 2007.)

LANZINGER, J.

{¶ 1} This discretionary appeal was accepted to answer the question whether a homeless sex offender may be indicted for failing to periodically verify an address if the sheriff did not send the statutory warning notice to the offender's last known address. We strictly construe the relevant statutes against the state because they are criminal in nature, and we hold that a sheriff must send notification under R.C. 2950.06(G)(1) to an offender's last known address before an offender may be prosecuted under R.C. 2950.06(F) for failure to periodically verify a current address.

{¶ 2} The record from the trial court is incomplete, but the following facts are undisputed. Appellant, Derrick E. Williams, is a convicted sex offender who is required to periodically verify a current address pursuant to R.C. Chapter 2950. On June 25, 2004, Williams went to the Allen County Sheriff's Office for his annual residence address verification and reported himself to be homeless. The sheriff's office provided Williams with a paper setting forth his registration requirement and informing him that his next verification was to be completed by June 15, 2005. Williams signed the paper.

{¶ 3} Williams failed to verify his address on the next scheduled date of June 15, 2005, and was indicted on one count of failure to periodically verify a current address, a violation of R.C. 2950.06(F) and 2950.99(A)(1)(b)(i), a felony of the third degree.

{¶ 4} The trial court granted Williams's motion to dismiss the indictment on grounds that the state had failed to send the written warning mandated by R.C. 2950.06(G)(1). The state appealed to the Allen County Court of Appeals, which reversed, finding that the seven-day compliance period runs against the offender regardless of whether the sheriff sends the warning letter to the offender's last known address. *State v. Williams*, 166 Ohio App.3d 444, 2006-Ohio-1409, 850

N.E.2d 1277, ¶ 8. The court of appeals also did not agree that the statutes should be strictly construed against the state, reasoning that R.C. Chapter 2950 is remedial rather than punitive.  Id. at ¶ 9.

{¶ 5} We accepted this matter as a discretionary appeal.

{¶ 6} R.C. 2950.06(F) states that no person who is required to verify a current residence "shall fail to verify a current residence * * * by the date required for the verification as set forth in division (B) of this section," but that "no person shall be prosecuted * * * for a violation of this division * * * prior to the expiration of the period of time specified in division (G) of this section."

{¶ 7} R.C. 2950.06(G)(1), in turn, provides that if an offender fails to verify a current residence address by the date required, the sheriff, "on the day following that date required for the verification, shall send a written warning to the offender" at the offender's "last known residence" regarding the offender's duty to verify a current residence.  The warning must include a conspicuous statement that the offender "has seven days from the date on which the warning is sent to verify the current residence" with the sheriff who sent the warning.  R.C. 2950.06(G)(1)(c).  The warning must also "[c]onspicuously state" that, if the offender does not verify the current residence with that sheriff "within that seven-day period," the offender "will be arrested or taken into custody, as appropriate, and prosecuted * * * for a failure to timely verify a current address."  R.C. 2950.06(G)(1)(f).  In addition, R.C. 2950.06(G)(2) states that if an offender fails to verify a current residence "by the date required for the verification as set forth in division (B) of this section, the offender * * * shall not be prosecuted * * * for a violation of division (F) of this section * * * unless the seven-day period subsequent to that date that the offender * * * is provided under division (G)(1) of this section to verify the current address has expired and the offender * * *, prior to the expiration of that seven-day period, has not verified the current address."

{¶ 8} The Allen County Court of Appeals relied on *State v. Cook* (1998), 83 Ohio St.3d 404, 700 N.E.2d 570, in which this court reviewed the overall purpose of R.C. Chapter 2950 and held it to be remedial rather than punitive.  Id. at 413, 700 N.E.2d 570.  The court of appeals determined, therefore, that R.C. 2950.06 should be liberally construed.  *Williams,* 166 Ohio App.3d 444, 2006-Ohio-1409, 850 N.E.2d 1277, ¶ 9. The court excused the sheriff's office from sending a warning letter to Williams because he had registered as homeless.  Id. The court rejected the idea that mailing a written warning to a last known address was a prerequisite to the prosecution.  Id. at ¶ 8. It reasoned that the prosecution was proper because the state waited to prosecute until the seven-day compliance period had passed without verification of Williams's current address.  Id.

{¶ 9} Reliance on *Cook* is misplaced here. The *Cook* decision held that the registration and notification requirements within R.C. Chapter 2950 did not constitute ex post facto legislation because the legislation was remedial and was a reasonable measure designed to protect the public. 83 Ohio St.3d at 423, 700 N.E.2d 570. R.C. Chapter 2950 has been amended since *Cook*, however, and the simple registration process and notification procedures considered in that case are now different. See *State v. Wilson*, 113 Ohio St.3d 382, 2007-Ohio-2202, 865 N.E.2d 1264, ¶ 45 (Lanzinger, J., concurring in part and dissenting in part) (comparing the newer, more burdensome provisions of R.C. Chapter 2950 to those in *Cook*). While protection of the public is the avowed goal of R.C. Chapter 2950, we cannot deny that additional obligations are now imposed upon those classified as sex offenders.

{¶ 10} The registration requirements of R.C. Chapter 2950 may have been enacted generally as remedial measures, but R.C. 2950.06 defines a crime: the offense of failure to verify current address. It does not implicate the constitutionality of the registration and notification process as a whole. The state concedes that a violation of R.C. 2950.06(F) is a criminal offense. R.C. 2901.04 requires that statutes defining offenses or penalties shall be strictly construed against the state and liberally in favor of the defendant.[1] Therefore, this section of the law is subject to strict interpretation against the state, and must be liberally interpreted in favor of the accused.

{¶ 11} Having determined that R.C. 2950.06 must be strictly construed, we disagree with the Allen County Court of Appeals' determination that mailing of the notice operates independently of the seven-day period, i.e., that prosecution may commence seven days after the yearly verification deadline, even if the warning letter has not been sent. R.C. 2950.06(F) forbids the state to prosecute

---

1. {¶ a} R.C. 2901.04 provides:

{¶ b} "(A) Except as otherwise provided in division (C) or (D) of this section, sections of the Revised Code defining offenses or penalties shall be strictly construed against the state, and liberally construed in favor of the accused.

{¶ c} "(B) Rules of criminal procedure and sections of the Revised Code providing for criminal procedure shall be construed so as to effect the fair, impartial, speedy, and sure administration of justice.

{¶ d} "(C) Any provision of a section of the Revised Code that refers to a previous conviction of or plea of guilty to a violation of a section of the Revised Code or of a division of a section of the Revised Code shall be construed to also refer to a previous conviction of or plea of guilty to a substantially equivalent offense under an existing or former law of this state, another state, or the United States or under an existing or former municipal ordinance.

{¶ e} "(D) Any provision of the Revised Code that refers to a section, or to a division of a section, of the Revised Code that defines or specifies a criminal offense shall be construed to also refer to an existing or former law of this state, another state, or the United States, to an existing or former municipal ordinance, or to an existing or former division of any such existing or former law or ordinance that defines or specifies, or that defined or specified, a substantially equivalent offense."

before the time specified in R.C. 2950.06(G) expires; both R.C. 2950.06(G)(1) and (2) link the seven-day period to the mailing of a written warning to a sex offender. Specifically, R.C. 2950.06(G)(1)(c) requires the written warning to include a statement that the sex offender "has seven days from the date on which the warning is sent to verify" a current address. In addition, R.C. 2950.06(G)(2) prohibits a prosecution for a violation of R.C. 2950.06(F) "unless the seven-day period *subsequent to that date that the offender * * * is provided* under division (G)(1) of this section to verify the current address has expired." (Emphasis added.) Because the statute clearly states that the offender must be given a new compliance date (which is seven days from the date the warning is sent), an R.C. 2950.06(F) prosecution is dependent on the sending of that notification.

{¶ 12} The court of appeals also determined that the sheriff was unable to send a notice due to Williams's homelessness.[2] We agree with the dissenting judge in the court of appeals: "[There is] no difficulty in the sheriff mailing a letter to [Williams's] last known address. The statute does not say current address. It requires only that the letter be sent to the last address at which [the offender] was known to reside. While a registrant may *no longer* be at the last address a sheriff has on record, it may well be that some person at that address will still have some contact with or method of contacting the registrant, and will be able to pass on the letter. If not, the registrant would have to suffer the consequences, but the sheriff will have fulfilled his or her statutory duty, and the prosecution could proceed." *Williams,* 166 Ohio App.3d 444, 2006-Ohio-1409, 850 N.E.2d 1277, at ¶ 15 (Rogers, J., dissenting).

{¶ 13} We hold that a sheriff must send the statutorily required notification to an offender's last known address before a sex offender may be prosecuted for failure to periodically verify a current address under R.C. 2950.06(F). We therefore reverse the judgment of the Allen County Court of Appeals and reinstate the trial court's dismissal of this action.

*Judgment reversed.*

MOYER, C.J., PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL and SKOW, JJ., concur.

WILLIAM J. SKOW, J., of the Sixth Appellate District, sitting for CUPP, J.

---

Jana E. Emerick, Allen County Assistant Prosecuting Attorney, for appellee.

---

2. When Williams registered as homeless in 2004, he did not have to provide "a detailed description of the place or places at which the offender * * * intends to stay," which is now required by R.C. 2950.05(A) in cases where the offender's address change is not to a fixed address. Such a temporary address suffices as a "last known address" for purposes of notification.

Michael J. Short, for appellant.