The STATE of Ohio, Appellee,

v.

DOYLE, Appellant.

[Cite as *State v. Doyle,* 188 Ohio App.3d 434, 2010-Ohio-3339.]

Court of Appeals of Ohio,
Second District, Montgomery County.

No. 23861.

Decided July 16, 2010.

[REDACTED]

Mathias H. Heck Jr., Montgomery County Prosecuting Attorney, and Johnna M. Shia, Assistant Prosecuting Attorney, for appellee.

D.K. Rudy Wehner, Montgomery County Acting Public Defender, and Susan F. Souther, Assistant Public Defender, for appellant.

BROGAN, Judge.

{¶ 1} Richard C. Doyle, a registered sex offender, appeals from his conviction and sentence on one count of failure to verify his residence address in violation of R.C. 2950.06, a first-degree felony.

{¶ 2} In his sole assignment of error, Doyle contends that the trial court erred in finding him guilty when the Montgomery County Sheriff's office failed to follow the statutory procedure for sending him a seven-day warning letter.

{¶ 3} The record reflects that Doyle was convicted of rape and attempted murder in 1985. The trial court designated him a sexual predator in 2000. He was later reclassified as a Tier III sex offender. He must verify his residence address at the sheriff's office every 90 days for life.[1] Doyle verified his address on June 8, 2009. At that time, he received written notice to verify again no later than September 5, 2009. Doyle did not do so. The office where he was supposed to verify was closed on September 5, 2009, a Saturday. It remained closed through Monday, September 7, 2009, which was Labor Day. An employee worked on Labor Day, however, and prepared a seven-day warning letter for Doyle. The letter was dated September 7, 2009, and was sent by certified mail to Doyle's address on September 8, 2009. It instructed him to verify his address no later than September 14, 2009. Doyle did not comply. On September 15, 2009, and

---

1. Although the Ohio Supreme Court's recent ruling in *State v. Bodyke,* 126 Ohio St.3d 266, 2010-Ohio-2424, 933 N.E.2d 753, 2010 WL 2219064, appears to undo Doyle's reclassification as a Tier III offender, this fact has no impact on the issue raised in his appeal. As either a sexual predator or a Tier III offender, Doyle was obligated to verify his residence every 90 days for life.

September 20, 2009, deputies visited Doyle's residence in an unsuccessful attempt to locate him. They later arrested him at his residence on or about September 22, 2009. On September 28, 2009, he was indicted for failure to verify. The case was tried to the bench on the foregoing stipulated facts. The trial court found Doyle guilty and imposed a three-year prison sentence. This appeal followed.

{¶ 4} Doyle argues on appeal, as he did below, that he cannot be convicted of failure to verify his address because the sheriff's office did not comply with the warning-letter procedure contained in R.C. 2950.06. In particular, he contends that R.C. 2950.06 obligated the sheriff's office to wait until the *day after* the deadline for verification to send a seven-day warning letter. Doyle asserts that the sheriff's office mailed the letter early, effectively resulting in a "five-day warning" and violating the statute. Because R.C. 2950.06 defines the criminal offense of failure to verify, Doyle insists that it must be construed strictly against the state. He maintains that the lack of a properly timed warning letter precluded the state from prosecuting him.

{¶ 5} Doyle's argument implicates R.C. 2950.06(F) and (G), which provide:

{¶ 6} "(F) No person who is required to verify a current residence * * * shall fail to verify a current residence * * * by the date required for the verification as set forth in division (B) of this section, *provided that no person shall be prosecuted * * * for a violation of this division * * * prior to the expiration of the period of time specified in division (G) of this section.*

{¶ 7} "(G)(1) If an offender * * * fails to verify a current residence * * * by the date required for the verification as set forth in division (B) of this section, *the sheriff with whom the offender * * * is required to verify the current address, on the day following that date required for the verification, shall send a written warning to the offender * * ** at the offender's * * * last known residence * * * regarding the offender's * * * duty to verify the offender's * * * current residence * * *.

{¶ 8} "The written warning shall do all of the following:

{¶ 9} "(a) Identify the sheriff who sends it and the date on which it is sent;

{¶ 10} "(b) State conspicuously that the offender * * * has failed to verify the offender's * * * current residence * * * by the date required for the verification;

{¶ 11} "(c) *Conspicuously state that the offender * * * has seven days from the date on which the warning is sent to verify the current residence * * ** with the sheriff who sent the warning;

{¶ 12} "(d) Conspicuously state that a failure to timely verify the specified current address or addresses is a felony offense;

{¶ 13} "(e) Conspicuously state that, if the offender * * * verifies the current residence * * * address * * * with that sheriff within that seven-day period, the offender * * * will not be prosecuted * * * for a failure to timely verify a current address * * *;

{¶ 14} "(f) Conspicuously state that, if the offender * * * does not verify the current residence * * * address * * * with that sheriff within that seven-day period, the offender * * * will be arrested * * * and prosecuted * * * for a failure to timely verify a current address * * *.

{¶ 15} "(2) If an offender * * * fails to verify a current residence * * * address * * * by the date required for the verification as set forth in division (B) of this section, *the offender * * * shall not be prosecuted * * * for a violation of division (F) of this section * * * unless the seven-day period subsequent to that date that the offender * * * is provided under division (G)(1) of this section to verify the current address has expired* and the offender, * * * prior to the expiration of that seven-day period, has not verified the current address." (Emphasis added.)

{¶ 16} In the present case, Doyle had been ordered to verify his address no later than September 5, 2009, a Saturday. Because the office where he was supposed to go was closed Saturday, Sunday, and Monday, the state concedes that he actually had through Tuesday, September 8, 2009, to verify his address. Under R.C. 2950.06(G)(1), the sheriff's office should have mailed Doyle a seven-day warning letter on Wednesday, September 9, 2009, the day following the date required for the verification, directing him to verify his address no later than September 16, 2009. As set forth above, however, a letter dated September 7, 2009, was sent to Doyle's residence by certified mail on September 8, 2009. It instructed him to verify his address no later than September 14, 2009. Doyle did not respond, and he was arrested on or about September 22, 2009.

{¶ 17} The issue before us is what effect the premature mailing of Doyle's warning letter had on the state's ability to prosecute him. We are aware of only two cases discussing the mailing of warning letters under R.C. 2950.06. The first case is *State v. Williams,* 114 Ohio St.3d 103, 2007-Ohio-3268, 868 N.E.2d 969. In *Williams,* the Ohio Supreme Court recognized that R.C. 2950.06 must be strictly construed against the state. It then determined that mailing a warning letter to an offender is a prerequisite to a prosecution for failure to verify. *Williams* reasoned that the seven-day period set forth in the statute does not begin to run until a letter is sent. Unlike the present case, however, no letter had been sent to the offender in *Williams.* Therefore, the Ohio Supreme Court held that he could not be prosecuted. Id. at ¶ 13.

{¶ 18} The second case addressing the mailing of warning letters is *State v. Willis,* Cuyahoga App. No. 93237, 2010-Ohio-1751, 2010 WL 1611118. In *Willis,* a warning letter was not sent on the day following the date required for verifica-

tion, as provided in R.C. 2950.06(G)(1). Unlike the present case, however, the warning letter in *Willis* was sent late, not a day early. The Eighth District Court of Appeals reasoned that "the short delay in sending the notice resulted in additional time being provided for Willis to verify his address and Willis's rights were not prejudiced by the delay." Id. at ¶ 15.

{¶ 19} Although *Williams* and *Willis* are not precisely on point, they persuade us that Doyle's assignment of error has merit. *Williams* establishes that R.C. 2950.06(G) must be strictly construed against the state. The statute required the sheriff's office to send Doyle a warning letter on the day following the date required for verification. It also required the letter to advise Doyle that he had an additional seven days from the day of its mailing to verify his address. The letter sent to Doyle did not satisfy these requirements. As set forth above, it was sent by certified mail on September 8, 2009, when it should have been sent on September 9, 2009. Moreover, the letter instructed Doyle to verify his address by September 14, 2009, when he actually had until September 16, 2009. The result is that the sheriff's office gave Doyle only an additional five days to verify his address, when R.C. 2950.06(G) required a seven-day grace period. The Eighth District's ruling in *Willis* is distinguishable because the defendant in that case received extra time to verify his address.

{¶ 20} Given that the sheriff's office failed to fulfill its statutory duty, Doyle may not be prosecuted for failing to verify his address. Accordingly, we sustain his assignment of error and reverse the judgment of the Montgomery County Common Pleas Court.

*Judgment reversed.*

GRADY and FROELICH, JJ., concur.