[Cite as *State v. Williams*, 2018-Ohio-1040.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-170014 |
| | | TRIAL NO. B-1602991 |
| Plaintiff-Appellant, | : | |
| vs. | : | *O P I N I O N.* |
| JAMYA WILLIAMS, | : | |
| Defendant-Appellee. | : | |

Criminal Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Affirmed

Date of Judgment Entry on Appeal:  March 21, 2018

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Paula E. Adams,* Assistant Prosecuting Attorney, for Plaintiff-Appellant,

*Raymond T. Faller*, Hamilton County Public Defender, and *Demetra Stamatakos*, Assistant Public Defender, for Defendant-Appellee.

**MYERS, Judge.**

{¶1}  In 2006, defendant-appellee Jamya Williams was convicted of unlawful sexual conduct with a minor and classified as a sexually-oriented offender under former R.C. Chapter 2950 ("Megan's Law"), which required him to register with the sheriff annually for ten years.  On May 27, 2015, Williams appeared in person at the Hamilton County sheriff's office and registered his address as "homeless under bridge West Liberty near Western Ave., Cincinnati, OH."  His next verification date of April 5, 2016, was provided at that time.

{¶2}  Williams did not verify his address on April 5, 2016.  The sheriff sent a warning letter addressed to "Jamya Williams Under Bridge West Liberty Near Western Av."  The letter was dated April 6, 2016, but the evidence showed that the letter was mailed on April 7, 2016.  The letter stated that Williams had to verify his address by April 13, 2016.  The letter was returned to the sheriff as undeliverable. Williams did not verify his address on April 13, 2016.

{¶3}  On June 7, 2016, Williams was indicted for failing to provide verification of his current address in violation of R.C. 2950.06.  Williams filed a motion to dismiss the indictment, which the trial court granted on the ground that the sheriff had failed to strictly comply with R.C. 2950.06(G)'s requirement that the warning letter be sent to Williams's last known address, because the sheriff had sent the letter to an "undeliverable address."  The court did not address Williams's argument that the letter also failed to comply with the time constraints of R.C. 2950.06(G)(1).  The state has appealed the trial court's dismissal of the indictment.

{¶4}  The state's sole assignment of error alleges that the trial court erred in dismissing the indictment "based upon its determination that a warning letter sent to the detailed description of the place where a registered sexually oriented offender

last indicated he was staying did not strictly comply with R.C. 2950.06(G)." We do not address the state's argument, because the seven-day warning letter sent to Williams failed to comply with R.C. 2950.06(G)'s time constraints.

{¶5}   If an offender fails to verify his address, R.C. 2950.06(G)(1) requires that the sheriff send, on the day following the date required for verification, a written warning to the offender's last known address. R.C. 2950.06(G)(1)(c) provides that the warning must "[c]onspicuously state that the offender * * * has seven days from the date on which the warning is sent to verify the current address * * * with the sheriff who sent the warning[.]" Pursuant to R.C. 2950.06(G)(1)(e) and (f), the written warning must state that if the offender verifies his address within that seven-day period, he will not be prosecuted for failure to timely verify a current address, but if the offender does not verify his current address within the seven-day period, he will be prosecuted for failure to timely verify a current address. Because the relevant statutes are criminal in nature, they must be construed strictly against the state and liberally in favor of the accused. *State v. Williams*, 114 Ohio St.3d 103, 2007-Ohio-3268, 868 N.E.2d 969, ¶ 1 and 10. In determining that R.C. 2950.06 must be strictly construed, the *Williams* court stated,

> R.C. 2950.06(F) forbids the state to prosecute before the time specified in R.C. 2950.06(G) expires; both R.C. 2950.06(G)(1) and (2) link the seven-day period to the mailing of a written warning to a sex offender. Specifically, R.C. 2950.06(G)(1)(c) requires the written warning to include a statement that the sex offender "has seven days from the date on which the warning is sent to verify" a current address. In addition, R.C. 2950.06(G)(2) prohibits a prosecution for a violation of R.C. 2950.06(F) "unless the seven-day period *subsequent to that date that the offender * * * is provided* under division (G)(1) of this

3

section to verify the current address has expired." (Emphasis added.) Because the statute clearly states that the offender must be given a new compliance date (which is seven days from the date the warning is sent), an R.C. 2950.06(F) prosecution is dependent on the sending of that notification.

*Id.* at ¶ 11.

{¶6} In *State v. Doyle*, 188 Ohio App.3d 434, 2010-Ohio-3339, 935 N.E.2d 892 (2d Dist.), Doyle had verified his address on June 8, 2009. At that time, he received written notice to again verify his address by September 5, 2009. The office where he was supposed to verify his address was closed on September 5, 2009, which was a Saturday, and Doyle did not verify his address. The office remained closed through Monday, September 7, 2009, which was Labor Day. However, an employee worked on Labor Day and prepared a seven-day warning letter for Doyle. The letter was dated September 7, 2009, and was sent by certified mail to Doyle's address on September 8, 2009. The letter instructed Doyle to verify his address by September 14, 2009, which Doyle did not do. Doyle was subsequently indicted for failure to verify his current address in violation of R.C. 2950.06. The Second District stated,

> Doyle had been ordered to verify his address no later than September 5, 2009, a Saturday. Because the office where he was supposed to go was closed Saturday, Sunday, and Monday, the state concedes that he actually had through Tuesday, September 8, 2009, to verify his address. Under R.C. 2950.06(G)(1), the sheriff's office should have mailed Doyle a seven-day warning letter on Wednesday, September 9, 2009, the day following the date required for the verification, directing him to verify his address no later than September 16, 2009.

* * *

> *Williams* establishes that R.C. 2950.06(G) must be strictly construed against the state. The statute required the sheriff's office to send Doyle a warning letter on the day following the date required for verification. It also required the letter to advise Doyle that he had an additional seven days from the day of its mailing to verify his address. The letter sent to Doyle did not satisfy these requirements. As set forth above, it was sent by certified mail on September 8, 2009, when it should have been sent on September 9, 2009. Moreover, the letter instructed Doyle to verify his address by September 14, 2009, when he actually had until September 16, 2009. The result is that the sheriff's office gave Doyle only an additional five days to verify his address, when R.C. 2950.06(G) required a seven-day grace period.

*Id.* at ¶ 16 and 19. The Second District held that by prematurely mailing the warning letter, the sheriff's office had failed to fulfill its statutory duty, and therefore, Doyle could not be prosecuted for failing to verify his address. *Id.* at ¶ 20.

{¶7} In this case, the evidence showed that Williams's warning letter had been prepared and run through a postage machine on April 6, 2016. But the letter was not sent until April 7, 2016. The letter stated that Williams had until April 13, 2016, to verify his current address. However, because the letter was not mailed until April 7, Williams should have been given until April 14, 2016, to verify his address. The record is clear that Williams was given only six days, and not the required seven, to comply. Construing the statute strictly against the state, as we are required to do, we hold that the sheriff did not comply with R.C. 2950.06(G)(1)'s time constraints, and therefore, Williams cannot be prosecuted for failure to verify a current address.

{¶8} The state's assignment of error is overruled and the judgment of the trial court dismissing the indictment is affirmed.

5

Judgment affirmed.

**MOCK, P.J.,** and **CUNNINGHAM, J.,** concur.

Please note:

The court has recorded its own entry this date.

