**[Cite as *State v. Alltop*, 2021-Ohio-1426.]**

## IN THE COURT OF APPEALS OF OHIO
## SECOND APPELLATE DISTRICT
## MONTGOMERY COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 28852 |
| | : | |
| v. | : | Trial Court Case No. 2020-CR-47 |
| | : | |
| JOSEPH L. ALLTOP | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 23rd day of April, 2021.

. . . . . . . . . . .

MATHIAS H. HECK, JR. by ELIZABETH A. ELLIS, Atty. Reg. No. 0074332, Assistant Prosecuting Attorney, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, 301 West Third Street, 5th Floor, Dayton, Ohio 45422
        Attorney for Plaintiff-Appellee

DANIEL F. GETTY, Atty. Reg. No. 0074341, 46 East Franklin Street, Centerville, Ohio 45459
        Attorney for Defendant-Appellant

. . . . . . . . . . . . .

EPLEY, J.

**{¶ 1}** In 2004, Defendant-Appellant Joseph L. Alltop was convicted in Florida of lewd or lascivious molestation and was classified as a sexual offender under Florida law. He later moved to Montgomery County and, under Ohio law, he was required to register as a sex offender and to verify his address every 90 days for life. In late 2019, Alltop failed to register as required and was subsequently indicted for failure to register. He was convicted after a bench trial and now appeals. For the reasons that follow, the trial court's judgment will be affirmed.

## I. Facts and Procedural History

**{¶ 2}** In 2004, Alltop was convicted in Florida of lewd and lascivious molestation, a felony of the second degree. Under Florida law, he was classified as a sexual offender. Alltop moved to Ohio, and here, his Florida conviction translated to a classification as a sexual predator, requiring him to register and verify his address every 90 days for life.

**{¶ 3}** In 2006, Alltop failed to register and was convicted of failure to notify, a fourth-degree felony. *State v. Alltop*, Muskingum C.P. No. 2006-CR-0384 (Aug. 6, 2007). Again, in 2010, he failed to register and was convicted, this time as a felony of the third degree. *State v. Alltop*, Montgomery C.P. No. 2010-CR-2316 (Oct. 20, 2010).

**{¶ 4}** Alltop had no further legal problems with registration until 2019. On October 1, 2019, Alltop registered his residential address with the Montgomery County Sheriff's Office. At that time, he acknowledged receipt of the "Notice of Registration Duties of Sexually Oriented Offender or Child Victim Offender." His next required registration date was December 18, 2019; when he failed to register on that date, the Montgomery County Sheriff's Office sent a statutorily-required seven-day notification letter by certified mail on

December 19, 2019. The notification letter was not the only outreach attempted by the Montgomery County Sheriff's Office after the missed registration. At trial, Detective Walter Bender testified that in addition to the required notification letter, he attempted to call Alltop on December 19, but to no avail.

{¶ 5} Alltop received the notification letter at 3:30 p.m. on January 7, 2020, and was arrested an hour later, 19 days after he was required to register. Detective Bender testified that he interviewed Alltop after his arrest and Alltop told him that he remembered he had to register, he just failed to do it. According to Detective Bender, Alltop acknowledged that he had to register every 90 days but blamed a recent surgery for this failure.

{¶ 6} Based on Detective Bender's testimony and other evidence presented at trial, the court found Alltop guilty of failure to register and sentenced him to community control. He appeals, raising a single assignment of error.

## II.     Notification Requirements Under R.C. 2950.06

{¶ 7} In his assignment of error, Alltop argues that trial court's verdict was against the manifest weight of the evidence.

{¶ 8} When an appellate court reviews whether a conviction is against the manifest weight of the evidence, "[t]he court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of the witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *State v. Thompkins*, 78 Ohio St.3d 380, 387, 678 N.E.2d 541 (1997), quoting *State v. Martin*, 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1st Dist.1983).  A

case should not be reversed as being against the manifest weight of the evidence except "'in the exceptional case in which the evidence weighs *heavily* against the conviction.'" (Emphasis added.) *Id.*

{¶ 9} R.C. 2950.06(B)(3) states that a person convicted of a sexually-oriented offense or a child-victim oriented offense, like Alltop, must register with the county sheriff's office every 90 days for life.

{¶ 10} If an offender fails to verify a current residence by the date required by law, the sheriff, on the day following that date required for the verification, shall send a written warning regarding the offender's duty to verify to the offender at his or her last known residence. R.C. 2950.06(G)(1). The written warning shall do all the following:

(a) Identify the sheriff who sends it and the date it was sent;

(b) State conspicuously that the offender has failed to verify his or her current residence by the date required for the verification;

(c) Conspicuously state that the offender has seven days from the date on which the warning is sent to verify the current residence with the sheriff who sent the warning;

(d) Conspicuously state that failing to timely verify the current address is a felony offense;

(e) Conspicuously state that if the offender verifies the current residence within that seven-day period, the offender will not be prosecuted based on a failure to timely verify;

(f) Conspicuously state that if the offender does not verify the current residence within that seven-day period, he or she will be arrested and

prosecuted.

R.C. 2950.06(G)(1)(a)-(f).

{¶ 11} Even if the offender fails to verify by the date required, he or she cannot be prosecuted until after the expiration of the seven-day "grace period." R.C. 2950.06(G)(2). *See also State v. Doyle*, 188 Ohio App.3d 434, 2010-Ohio-3339, 935 N.E.2d 892 (2d Dist.) (the statute requires the sheriff's office to send a warning letter on the day after the date required for verification); *State v. Williams*, 114 Ohio St.3d 103, 2007-Ohio-3268, 868 N.E.2d 969 (mailing the warning letter is a prerequisite to prosecution).

{¶ 12} In this case, Alltop claims his conviction cannot stand because there was an "irregularity" with the mailing of the seven-day notification letter. He reasons that because there was a delay in the letter's delivery, and because he did not receive it until an hour before he was arrested, he had no time to rectify the situation. Further, he argues that "the statute intends that the Defendant have the ability to receive the notice within those 7-days if at the same address as previously registered." Despite the questionable optics of being arrested an hour after receiving the notice, the statute's requirements were met.

{¶ 13} The language of R.C. 2950.06(G)(1) is clear: the sheriff must *send* a written warning to the offender on the day following that date required for the verification. There is no mention in the statute about the offender *receiving* the notification or being served, only that it must be sent. If the legislature intended service upon the offender to be the key, it could have used terms such as "the sheriff shall cause to be served," or "the offender will receive." As the State argues in its brief, following Alltop's theory would lead to absurd results. Under that construction, offenders who are not served, even if they

purposely avoid it, could never be prosecuted, thus creating a loophole the legislature never intended. Based on the plain language of the statute, we conclude that the State must only send the warning letter and then wait seven days to comply and effectuate a failure to register prosecution.

{¶ 14} Further, the State went above and beyond what it was required to do by law. According to Detective Bender, Alltop signed off on the "Notice of Registration Duties of Sexually Oriented Offender" on October 1, 2019, the date of his most recent registration, acknowledging his duty to register. He also testified that five days before registration is due, the Montgomery County Sheriff's Office makes a courtesy call to inform the offender that the need to register is imminent. Detective Bender said that after Alltop was a no-show on December 18, 2019, he personally called to check in, but Alltop did not answer.

{¶ 15} Alltop chose not to register on December 18, 2019, and then failed to do so on any of the next 19 days. The State followed the law - it sent the required letter on the day after Alltop was required to register - and there is no argument that the contents of the letter were anything other than what was required by R.C. 2950.06(G)(1)(a)-(f). The fact that the letter did not reach Alltop until shortly before he was arrested, while unfortunate, does not mean the statutory requirements were not fulfilled by the State.

{¶ 16} Based on the above discussion, it is clear that the trier of fact, in this case, the trial court, did not create a manifest miscarriage of justice. This is not one of the exceptional cases in which the evidence heavily weighed against the conviction. Therefore, the assignment of error is overruled.

{¶ 17} The trial court's judgment will be affirmed.

. . . . . . . . . . . . . .

TUCKER, P.J. and HALL, J., concur.


Copies sent to:

Mathias H. Heck, Jr.
Elizabeth A. Ellis
Daniel F. Getty
Hon. Gerald Parker