[Cite as *Cincinnati v. Nicholson*, 2013-Ohio-708.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| CITY OF CINCINNATI, | : | APPEAL NO. C-120332 |
| | | TRIAL NO. 11TRC-50824 |
| Plaintiff-Appellant, | : | |
| vs. | : | *O P I N I O N.* |
| SCOTT NICHOLSON, | : | |
| Defendant-Appellee. | : | |

Criminal Appeal From:   Hamilton County Municipal Court

Judgment Appealed From Is:  Reversed and Cause Remanded

Date of Judgment Entry on Appeal:  March 1, 2013

*John P. Curp*, City Solicitor, *Charlie Rubenstein*, City Prosecutor, and *Jennifer Bishop,* Assistant City Prosecutor, for Plaintiff-Appellant,

*Suhre & Associates, LLC*, and *Joseph Suhre IV,* for Defendant-Appellee.

Please note:  we have removed this case from the accelerated calendar.

**HILDEBRANDT, Presiding Judge.**

{¶1} Plaintiff-appellant, the city of Cincinnati, appeals from the trial court's judgment granting defendant-appellee Scott Nicholson's motion to suppress the results of his Intoxilyzer 8000 breath test. For the following reasons, we reverse the trial court's judgment and remand this cause for further proceedings.

{¶2} Nicholson was arrested for operating a vehicle while under the influence of alcohol, and submitted to an Intoxilyzer 8000 breath test. According to the intoxilyzer results, Nicholson's breath contained .176 of one gram by weight of alcohol per 210 liters of his breath. Nicholson was therefore charged with driving with a prohibited level of alcohol in his breath, in violation of R.C. 4511.19(A)(1)(h).

{¶3} Nicholson subsequently moved the trial court to suppress the results of his intoxilyzer test. Following a hearing, the trial court granted Nicholson's motion on the grounds that the city had failed to demonstrate compliance with Ohio Admin. Code 3701-53-04(B) concerning the "dry gas control test" requirement for the Intoxilyzer 8000. This appeal followed.

{¶4} In its sole assignment of error, the city argues that the trial court's judgment must be reversed because it was based on an incorrect interpretation of Ohio Admin.Code 3701-53-04(B).

{¶5} Appellate review of a motion to suppress presents a mixed question of law and fact. *State v. Burnside,* 100 Ohio St.3d 152, 2003-Ohio-5372, 797 N.E.2d 71, ¶ 8; *State v. Taylor*, 174 Ohio App.3d 477, 2007-Ohio-7066, 882 N.E.2d 945, ¶ 11 (1st Dist.). At a suppression hearing, the trial court assumes the role of trier of fact and, as such, is in the best position to resolve questions of fact and to evaluate witness credibility. *Burnside* at ¶ 8. An appellate court must accept a trial court's factual findings so long as competent and credible evidence supports them. *Id.* A

reviewing court then conducts a de novo review of the trial court's application of the law to the facts of the case. *Id.*

{¶6} The relevant facts in this case are not in dispute. The parties agree that when Nicholson took the Intoxilyzer 8000 test, the officer conducting the test took two breath samples from Nicholson. Prior to Nicholson giving his first breath sample, the Intoxilyzer 8000 conducted a dry gas control test as a part of its calibration process. The machine ran another dry gas control test after Nicholson gave his second breath sample. The exact procedure used in administering Nicholson's breath test, set forth in a document entitled "Subject Test Report," was as follows:

Air Blank
Diagnostic
Air Blank
Dry Gas Control
Air Blank
Subject Test 1
Air Blank
Air Blank
Subject Test 2
Air blank
Dry gas control
Air Blank

{¶7} The city contends that this procedure complied with Ohio Admin.Code 3701-53-04(B). That code section requires the Intoxilyzer 8000 to "automatically perform a dry gas control test before and after every subject test * * * ." Nicholson argues, and the trial court agreed, that a third dry gas control test was required in between Nicholson's "Subject Test 1" and "Subject Test 2" breath samples.

{¶8} Resolution of this issue requires us to interpret Ohio Admin.Code 3701-53-04(B). Interpretation of an administrative regulation presents a question of law that we review de novo. *State v. Consilio*, 114 Ohio St.3d 295, 2007-Ohio-4163, 871 N.E.2d 1167, ¶ 8.

{¶9}   Ohio Admin.Code 3701-53-04(B) requires that the Intoxilyzer 8000 "automatically perform a dry gas control test before and after every subject test * * * ."   To determine what is meant by the phrase "subject test," we first look to the plain language of the regulation. *State ex rel. Burrows v. Indus. Comm.*, 78 Ohio St.3d 78, 81, 676 N.E.2d 519 (1997); *Provident Bank v. Wood*, 36 Ohio St.2d 101, 105-106, 304 N.E.2d 378 (1973).  If the regulation "conveys a meaning which is clear, unequivocal and definite, at that point the interpretative effort is at an end," and the regulation must be applied accordingly. *Provident Bank* at 106.

{¶10}   Faced with the same issue and the same type of "Subject Test Report" form, in *State v. Kormos*, 2012-Ohio-3128, 974 N.E.2d 725, ¶ 16, (12th Dist), the Twelfth Appellate District determined that the plain language of Ohio Admin.Code 3701-53-04(B) required a dry gas control before "Subject Test 1" and after "Subject Test 2,"  as those terms were used on the "Subject Test Form," but that no test was required in between them.  The *Kormos* court relied on the definition of "subject" found in Webster's dictionary, i.e., "one that is placed under the authority, dominion, control, or influence of someone or something * * * an individual whose reactions or responses are studied." *Id.,* citing *Webster's Third New International Dictionary* 2275 (1993).  Applying this definition to Ohio Admin.Code 3701-53-04(B), the court determined that "a 'subject test' is synonymous with running the Intoxilyzer 8000 on a single 'subject,' i.e., 'individual' under law enforcement's control." *Id.*  So, the court concluded, there is a single "subject test" that is comprised of two different breath samples.  We find this analysis to be persuasive.

{¶11}  We therefore hold that the plain language of Ohio Admin.Code 3701-53-04(B) requires a dry gas control test before a subject's first breath sample and after the subject's second breath sample, but not in between the two samples.  This is

precisely what occurred in this case. The trial court therefore erred when it determined that the city had failed to comply with Ohio Admin.Code 3701-53-04(B). The city's assignment of error is sustained.

{¶12} The judgment of the trial court granting Nicholson's motion to suppress is reversed, and this cause is remanded for further proceedings consistent with law and this opinion.

Judgment reversed and cause remanded.

CUNNINGHAM and DINKELACKER, JJ., concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.