[Cite as *State v. Wirth*, 2013-Ohio-5215.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

STATE OF OHIO,                          :            APPEAL NO. C-130070
                                                     TRIAL NO. 11TRC-62477 A
    Plaintiff-Appellant,           :
                                                     *O P I N I O N.*
  vs.                                  :

ASHLEY WIRTH,                           :

    Defendant-Appellee.            :


Criminal Appeal From: Hamilton County Municipal Court

Judgment Appealed From Is: Reversed and Cause Remanded

Date of Judgment Entry on Appeal:  November 27, 2013


*John P. Curp*, City Solicitor, *Charles Rubenstein*, City Prosecutor, and *Jennifer Bishop*, Assistant City Prosecutor, for Plaintiff-Appellant,

*Robert Healey*, for Defendant-Appellee.


Please note:  this case has been removed from the accelerated calendar.

**DeWine, Judge.**

{¶1}    This is an appeal by the city of Cincinnati from a decision suppressing the result of a breathalyzer test administered to Ashley Wirth. The primary issue revolves around a computer glitch that caused the loss of certain data from ten breathalyzer tests in a database maintained by the Ohio Department of Health ("ODH"). We have dealt with this situation previously, and held that the loss of this data did not require the suppression of breathalyzer test results of other individuals whose data was not lost. *See, e.g., State v. McNett*, 1st Dist. Hamilton No. C-120824, 2013-Ohio-5099. This case is different, however, in that part of the data lost was from Ms. Wirth's own test. Despite this distinction, we reach the same result. The applicable ODH regulation, Ohio Adm.Code 3701-53-01(A), mandates that the results of breath tests be retained for at least three years. We find that this regulation was complied with because the actual "results" of the tests were maintained. The trial court erred in suppressing Ms. Wirth's test result, so we reverse the judgment below.

I.

{¶2}    On December 17, 2011, Ms. Wirth was charged with driving under the influence of alcohol under R.C. 4511.19(A)(1)(a), driving with a prohibited level of alcohol in her breath under R.C. 4511.19(A)(1)(d), and speeding under R.C. 4511.21(C). She submitted to a breath test on an Intoxilyzer 8000 machine with the serial number 80-004096, located at the Cincinnati District 2 police station, which revealed a breath-alcohol level of .143 grams of alcohol per 210 liters of breath. Ms. Wirth filed a motion to suppress the test result. After an evidentiary hearing, the trial court found that the city failed to demonstrate substantial compliance with the ODH regulations and granted the motion.

{¶3} The testimony at the hearing revealed that the Intoxilyzer 8000 test sequence consists of a series of "air blanks" and "dry gas controls," which ensure that the machine is producing accurate measurements, as well as two breath measurements, the lower of which is used as the final result. A dry gas control is performed before the first breath sample and after the second breath sample, but not between the two. Here, the machine produced a "subject test report" containing the above information for Ms. Wirth's breath test. As a result of an ODH server error, however, data from breath tests administered on the same machine between December 15, 2011, and December 22, 2011, was not uploaded to the ODH database. By comparing its records with a logbook of test results kept at District 2, the ODH determined that ten additional individuals had been tested during this time, including Ms. Wirth. The ODH duplicated the missing test results from the logbook and obtained copies of some of the subject test reports printed from the machine during that time. The ODH typically makes additional data not included in the logbook or on the subject test printouts available to the public on its website. This data—namely, the number of breath sample attempts made during the test, the duration and volume of the breath sample, atmospheric pressure and tank pressure—has been irretrievably lost.

{¶4} Because of the data loss, the trial court found that the city failed to comply with the three-year record-keeping requirement of Ohio Adm.Code 3701-53-01(A). The trial court also interpreted Ohio Adm.Code 3701-53-02(B) to require dry gas control tests between Ms. Wirth's two breath samples, and found the city to be out of compliance with that provision. Finally, the trial court determined that the ODH had not established procedures for issuing permits for Intoxilyzer 8000 operators, as required by R.C. 4511.19 and 3701.143. The city raises three assignments of error challenging each of these conclusions.

II.

{¶5} We first take up the city's second assignment of error, in which it challenges the trial court's finding of noncompliance with the record-retention requirements. The city argues that it met its burden of showing substantial compliance with the record-keeping requirements of Ohio Adm.Code 3701-53-01(A), and that Ms. Wirth has not rebutted that showing with evidence of prejudice. *See State v. Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, 797 N.E.2d 71, ¶ 24. In evaluating the trial court's judgment, we defer to the court's factual findings, and we review whether the facts demonstrate substantial compliance under a de novo standard. *Id.* at ¶ 8.

{¶6} We have dealt with the lost-data issue previously. *See State v. Muchmore*, 1st Dist. Hamilton No. C-120830, 2013-Ohio-5100; *McNett*, 2013-Ohio-5099. While this case differs because data from Ms. Wirth's own test was lost, our analysis in *Muchmore* and *McNett* still applies. In those opinions, we noted that Ohio Adm.Code 3701-53-01(A) requires only that the results of the tests be retained, and we held that the "result" is the lower of the two breath-alcohol measurements taken during the test. *Muchmore* at ¶ 31; *McNett* at ¶ 31. The results of the missing tests, including Ms. Wirth's, were maintained in the District 2 logbook. The ODH duplicated the results from the logbook, and although it cannot recover all the extrinsic data from those tests, there is no provision requiring it to do so.

{¶7} When a defendant challenges the admission of a breath-alcohol test result in a motion to suppress, courts apply a burden-shifting analysis. The state must show substantial compliance with ODH regulations, and if the state meets that burden, a rebuttable presumption arises that the test results are admissible. *Burnside* at ¶ 24; *State v. Booth*, 1st Dist. Hamilton No. C-070184, 2008-Ohio-1274. Then, the burden shifts back to the defendant to show that he or she "was prejudiced by anything less than

4

strict compliance." *Burnside* at ¶ 24. Here, we believe that the city has at least substantially complied with the requirements of Ohio Adm.Code 3701-53-01(A) because the "results" were maintained. Furthermore, Ms. Wirth has not shown that she was prejudiced. Ms. Wirth received a printout of the subject test report containing her breath-test result, and the ODH ascertained the results of the other missing tests. She has not shown that the accuracy or evidentiary value of her own breath result was compromised by any failure to maintain other test results.

{¶8} The city also contends that Ms. Wirth's motion to suppress did not allege facts with enough specificity to place the city on notice of the bases for her legal claims, so the burden on the city to demonstrate compliance remained slight. Because we find that the city met its burden under the more rigid substantial compliance standard, we need not address its notice argument. The second assignment of error is sustained.

### III.

{¶9} In its first assignment of error, the city contends that the trial court incorrectly interpreted Ohio Adm.Code 3701-53-04(B), which mandates that a dry gas control test be performed "before and after every subject test."[1] The court held that dry gas control tests must be performed between the two breath samples. We addressed this issue in *State v. Nicholson*, 1st Dist. Hamilton No. C-120332, 2013-Ohio-708, and *State v. Lambert*, 1st Dist. Hamilton No. C-120865, 2013-Ohio-3589. In *Nicholson*, we held that "the plain language of Ohio Adm.Code 3701-53-04(B) requires a dry gas control test before a subject's first breath sample and after the subject's second breath sample, but not in between the two samples." *Nicholson* at ¶ 11. In *Lambert*, we rejected the argument that this provision required the dry gas control to be

---

[1] A subsequent amendment to this provision, effective July 25, 2013, has clarified this issue: "[A] subject test shall include the collection of two breath samples. A dry gas control is not required between the two breath samples."

performed at the beginning of the entire testing sequence, as long as it is performed prior to and subsequent to the two breath samples. *Lambert* at ¶ 19. Given our holdings in *Nicholson* and *Lambert*, we sustain the first assignment of error.

### IV.

{¶10} Finally, the city asserts that the trial court erred by finding that the ODH failed to establish procedures for issuing Intoxilyzer 8000 operator permits, as required by R.C. 4511.19 and 3701.143. We addressed this issue in *State v. McMahon*, 1st Dist. Hamilton No. C-120728, 2013-Ohio-2557. In *McMahon*, we noted that R.C. 3701.143 authorizes the director of health to issue permits to breath-alcohol machine operators, and we found the ODH's position that an operator access card is a type of operator permit to be supported by the relevant code provisions. *Id.* at ¶ 13-14. Based upon our decision in *McMahon*, we sustain the third assignment of error.

### V.

{¶11} For the above reasons, we reverse the judgment of the trial court and remand the case for further proceedings.

**DINKELACKER, P.J.,** and **FISCHER, J.,** concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.